Morgan *v.* Powers.

[Onondaga General Term, October 2, 1866. *Morgan, Foster* and *Mullin,* Justices.]

---

## Morgan *vs.* Powers.

By an agreement between two parties for an exchange of animals, each party acquires title to the animal agreed to be received, and the price of each is paid.

Upon an agreement for an exchange of property, either party may refuse to deliver until he receives the property agreed to be given in exchange. But he may waive performance by the other party, and complete the agreement, on his own part, by full performance. And having done so, he cannot rescind the agreement of exchange, and sue for the property delivered by him. His only remedy is an action for the property agreed to be given him in exchange, after demand made, or for its value.

And judgment, in such an action, for the plaintiff, for the value of the property agreed to be given him in exchange, is no bar to a subsequent action, by

the other party, against him, to recover damages arising from a breach of warranty in respect to the property received by the plaintiff in the second suit, in exchange; where it appears that the pleadings in the former suit did not allude to any breach of warranty, and the question of warranty was not litigated in such suit.

A recovery by the plaintiff, in the first suit, is entirely consistent with the right of the defendant therein to sue, at any time thereafter, for his damages resulting from a breach of the warranty.

Where the plaintiff in the former action sought to recover for a cause of action entitling him to a judgment, but he insisted on and proved the wrong measure of damages, by reason whereof he recovered less than he was legally entitled to; *Held* that such recovery did not bar the other party from insisting, in a subsequent action, brought by him upon the warranty, on the full measure of damages to which he was entitled.

During the negotiations for the exchange of a cow of the plaintiff's for a mare of the defendant's, the defendant told the plaintiff what work the mare had done, and said she could work well enough, then; *Held* that this was a direct affirmation as to the ability of the mare to labor, and was a warranty.

In an action for a breach of the warranty, the plaintiff testified that the mare was good for nothing to work, and stated what he knew of her; and others, who had used her, gave evidence tending to prove that she was unfit to labor. *Held* that there was sufficient evidence, upon both points, to carry the case to the jury, and their decision upon it must be considered as final.

THIS action was brought before a justice of the peace of the county of Madison, to recover damages which the plaintiff claimed to have sustained by reason of a breach of warranty on the sale of a horse; or rather on the exchange of a cow of the plaintiff's for a horse of the defendant's. It was proved, on the trial, that during the negotiation for an exchange, the defendant told the plaintiff that the mare was diseased, and how the disease affected her; that he, the defendant, had worked her a good deal; that he knew nothing why she could not work; she could work well enough then; she was a pretty good mare, only swelled bad. Other expressions were used by the defendant, in regard to the animal, but these were the only ones which could be claimed to constitute a warranty. The plaintiff gave evidence tending to prove a breach of the warranty, resulting from the inability, arising from weakness, to perform labor.

Morgan *v.* Powers.

The defendant set up in his answer, as a defence, and proved on the trial, that in June, 1863, some five years after the agreement to exchange above mentioned, he (the defendant) brought an action against the present plaintiff, to recover the value of the cow which the present plaintiff agreed to deliver to the present defendant, in exchange for the mare. In the complaint in that action it was alleged that on the 1st of March, 1858, the plaintiff in that action (the defendant in this) sold and delivered to the defendant a mare of the value of $20, in payment for which the defendant agreed to deliver to the plaintiff a five year old cow, within a week or two from that time, and that the defendant had failed and neglected to deliver said cow, and had not paid for said mare. The defendant (the present plaintiff) set up as defences to said action: 1st, a general denial; 2d, that the mare was worthless and the cow was ailing; the plaintiff was to send for her, but did not; the defendant was ready and willing to deliver her when called for, but not being called for, the defendant (now plaintiff) kept her until she died; and set up the value of such keeping as a counter claim.

On the trial of that case evidence was given as to the value of the mare, and the justice by whom the action was tried testified that he rendered judgment for the plaintiff in that suit on the ground that he did not consider that the title of the cow passed to the plaintiff, and therefore the plaintiff was entitled to recover the value of the mare. He found the value of the mare to be $20; and for that sum he rendered judgment in favor of the plaintiff.

After hearing the evidence in this case, the justice rendered judgment in favor of the plaintiff, for $30 damages, and $4.43 costs.

On appeal to the county court of Madison county, the judgment of the justice was reversed, on the ground that the judgment in the former suit between the parties

was a bar to this. The reason assigned by the county judge for his decision was that the justice in the former suit, in order to render the judgment he did, in that case, must have held that the contract of exchange had been rescinded by the failure of Morgan to deliver the cow in pursuance of the contract; that the contract being rescinded, Morgan could not maintain an action upon it, as he sought to do by this suit; and further, that the value of the mare was the question in issue in both cases, and having been litigated in the former suit, could not be again litigated in this. He therefore reversed the judgment, with costs.

The plaintiff appealed from the judgment of reversal, and the case was submitted by

*A. N. Sheldon*, for the appellant.

*D. G. Willington*, for the respondent.

*By the Court*, MULLIN, J. By the agreement between the parties to exchange animals, the plaintiff acquired title to the horse and the defendant to the cow. The price of the cow was paid; and when there is an agreement to sell a specific thing and the buyer pays the price, the title to it passes, and he can maintain an action of trover or replevin, for it. (*Chitty on Contracts*, 374.) The defendant might have refused to deliver the horse until he received the cow; but he saw fit to waive performance and complete the agreement, on his own part, by full performance. In *Chapman* v. *Lathrop*, (6 *Cowen*, 110,) the defendants bought of the plaintiff a quantity of goods to be paid for in cash or current bills. The goods were actually delivered to the defendants, and on the next day, when called on for the price they offered in payment a note endorsed by the plaintiff, and the balance in cash. This was refused, and trover brought. The court held that the action could not be

maintained. The chief-justice, delivering the opinion of the court, says: "It is conceded that the plaintiffs were entitled to pay for the goods on delivery. They might have refused to part with the goods until payment. When no time is agreed on for payment, the delivery and the payment are to be simultaneous acts. But if the vendor delivers the goods to the vendee and the latter omits to pay, the property in the goods is changed. * * In case of an agreement to pay down for goods, if the vendor delivers the goods without payment, the vendee may avail himself of any legal set off, notwithstanding the agreement to pay ready money." (*Lansing* v. *Turner*, 2 *John.* 13. *Lupin* v. *Marie*, 6 *Wend.* 77.)

It follows that the defendant could not rescind the agreement of exchange and sue for the property delivered by him to the plaintiff. His only remedy was an action for the recovery of the cow, after demand made, or for her value.

The complaint in the action sets out the agreement of exchange, and alleges that the defendant had failed and neglected to deliver said cow, and had not paid for the mare. The value of the mare is stated to be $20, and a judgment for that amount is demanded.

Under this complaint, the plaintiff was entitled to recover the value of the cow, and that value was the only sum he was entitled to recover; and a judgment for that value would be no bar to the present action. The cow was the price paid for the horse as warranted; she was the consideration for the promise to pay whatever damages the plaintiff in this suit might sustain if the horse should not prove to be as warranted. A recovery, therefore, of the value of the cow, was entirely consistent with the right of the plaintiff herein to sue at any time thereafter for his damages resulting from a breach of the warranty.

The pleadings in the former suit do not allude to any breach of warranty, and the defendant therein was

not obliged to insist upon the breach of warranty as a defence.

Unless, therefore, the parties have actually litigated the question of warranty, in the former action, the judgment in it is not a bar to this.

The justice before whom that cause was tried testifies that the plaintiff in that suit claimed the value of the mare sold; that the defendant denied the right, on the ground that the mare was paid for by the cow given in exchange. The defendant's counsel obviously understood the rights and liabilities of his client, and resisted the plaintiff's right to recover the value of the mare.

But the justice further testifies that evidence as to the value of the mare was given on both sides, and he rendered judgment on the ground that he did not consider the title as passing to the plaintiff, as he found the cow had not been delivered to the plaintiff; and that the plaintiff had a right to recover the value of the mare.

It is quite obvious that the views of the justice were erroneous; that he entirely misapprehended and misapplied the rules of law applicable to the case.

But it is competent for parties to litigate in an action matters not within the issue formed by the pleadings, and which should have been excluded; and if they do so, and the judgment is not reversed, it is a bar to another action upon the matters thus litigated.

By litigating the value of the mare, the defendant in that action did not present for adjudication, directly, the question as to whether there was a warranty of the mare, or what damages, if any, he had sustained by reason of a breach of it; but by reason of the measure of the damages adopted and by which the recovery was regulated, he may have obtained a compensation in part at least for any defects the mare might have had, at the time of the sale; yet this is by no means certain.

The plaintiff in that action was entitled to the value of the cow. He recovered the actual value of the mare

as she was at the time of the trade. If the actual value was less than the value as warranted, he did not recover back from the defendant in that suit what he had received from the plaintiff; to wit, the mare as she was, and as she would be if as she was represented to be.

But the question is not whether the plaintiff recovered more or less than he was entitled to, but whether the plaintiff in this suit has had a compensation for the breach of the warranty.

His damages on proving a breach of the warranty, would be the difference between the value of the animal as she actually was, and as it would have been if as represented.

The plaintiff in that suit was prevented from recovering more than the actual value of the horse at the time of the trade. Whether that was more or less than the value of the cow, we do not know, and hence it is impossible to say whether the plaintiff has had any compensation whatever for the difference in value between the mare as she was and as she was represented to be. It is quite probable that he has, but it is impossible, upon the evidence, to ascertain the amount so received.

It comes to this, then: the plaintiff in the former action sought to recover for a cause of action entitling him to a judgment, but he insisted on and proved the wrong measure of damages, by reason whereof he recovered less than he was legally entitled to; does that recovery bar the other party from insisting, in this action on the breach of warranty, on the full measure of damages to which he is entitled? It seems to me not. In the absence of any proof of the value of the cow, it is impossible to say whether the plaintiff in the former action has or has not obtained the amount to which he was entitled.

If the defendant had acquiesced in the position taken by the plaintiff in the former suit, that because the de-

fendant had not delivered the cow he was entitled to rescind the contract and to sue for and recover the value of the mare, he might be deemed to have consented to such rescission, and then the judgment in that suit would of course be a bar. But he insisted that the plaintiff in that suit owned the cow, and the proof did not show that he did not; so that the only effect of that proceeding is to establish the recovery by the plaintiff of a measure of damages to which he was not entitled.

If the question was an open one—whether the plaintiff in this action acquiesced in a rescission of the contract of sale, the finding of the jury in this case negatives any such acquiescence, and the right of action on the warranty is thus left unimpaired.

If the question is one of law, I am of opinion that the plaintiff cannot be held to have acquiesced in it. The complaint did not inform the defendant in that action that a rescission was insisted on; the claim of the defendant as stated by the justice was inconsistent with it; and we have nothing but the mental operations of the justice in deciding the cause, to authorize us to say that the subject of rescission was in the minds of the parties.

For these reasons I am of opinion that the former action was not a bar.

It is insisted by the respondent's counsel that there was no evidence of a warranty, or of a breach of a warranty.

In this I cannot agree with him. The defendant told the plaintiff during the negotiations for the exchange, what work the mare had done, and said she could work well enough, then. This was a direct affirmation as to ability of the horse to labor, and is a warranty. The plaintiff swore she was good for nothing to work, and stated what he knew of her; and others who had used her gave evidence tending to prove that she was unfit to labor.

There was sufficient evidence on both points to carry

the case to the jury, and their decision upon it must be considered as final.

I am of opinion, therefore, that the judgment of the county court is erroneous and ought to be reversed, and that of the justice affirmed.

Judgment accordingly.

[ONONDAGA GENERAL TERM, October 2, 1866. *Morgan, Foster* and *Mullin,* Justices.]