## CHARLES KELSEY v. ROBERT M. WARD ET AL.

*Res adjudicata—Evidence.*

A judgment of a Court of competent jurisdiction is final and conclusive upon the parties thereto, in respect to all matters then litigated, or which should then have been litigated and settled.

GROVER, J.—All the questions of law and fact, except that arising upon the offer in evidence, by the Defendants' counsel, of the pleadings, trial, and verdict in an action brought by these Defendants against the present Plaintiff, were involved and determined in favor of the Plaintiff in an action brought by the present Plaintiff against these Defendants for the recovery of a previous quarter's rent, for the same premises, as appears by the judgment record in the latter action, and introduced in evidence upon the trial of the present action. That record was regularly proved and properly admitted in evidence. It is true that there is incorporated in the record much that was unnecessary, but it contains all essential to its validity.

This judgment is conclusive upon all the questions determined thereby, which, as above remarked, embraces all the questions in the case, except as above specified. The rule as to the effect of a judgment is correctly stated in the opinion of the Court in Embury v. Conner (3 Coms. 512), and will be found at page 522; the authorities therefor are there cited. By the former judgment the right of the Plaintiff to recover the rent quarterly, and its amount, is conclusively settled, and can no further be litigated between these parties and their privies while that judgment remains in force.

The pleadings and verdict in the action brought by the Defendants against the present Plaintiff, offered in evidence by the Defendants' counsel, was rightly rejected. This evidence would have shown merely that the Plaintiff had failed in some things fully to perform the contract upon which the suit was brought, and that the Defendants had sustained damages by such failure.

This failure of the Plaintiff would have based an action upon the contract by the Plaintiff, had the Defendants refused or neglected to take possession of the property agreed to be leased to them by the contract. But they did take possession, and have continued to occupy the property. Having done this they are bound to pay the rent, recouping therefrom such damages as they have sustained by the failure of the Plaintiff to perform his contract, or at their election bring an action against the present Plaintiff for the recovery of such damages. The evidence offered and rejected tended to show that the Defendants had pursued the latter course.

There was no offer in the present action to recover damages on that account. The judgment appealed from must be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.