Nemetty agt. Naylor.

## N. Y. COMMON PLEAS.

ILKA A. NEMETTY, appellant, agt. JOSEPH NAYLOR and HARVEY NAYLOR, respondents.

*Landlord and tenant— Effect of judgment in summary proceedings to dispossess tenant on suit afterwards brought by tenant against landlord to recover damages for breach of verbal agreement to make repairs.*

While a counter-claim or set-off need not be asserted by answer to a complaint, it cannot be made the subject of an independent action when it results from an alleged contract, the existence of which, in many of its material parts, is directly negatived by a judgment unreversed and unappealed from given in an action between the same parties.

The plaintiff after having, as tenant, been dispossessed from certain premises by default in summary proceedings by the defendants, as landlords, in December, 1876, for non-payment of rent under a written lease, by which the premises were rented by plaintiff for one year from May 1, 1876, brought this action to recover damages for breach by the landlords of certain verbal agreements between them and herself in June and July, 1876, whereby they were to make extensive repairs and alterations to be finished by October first, and the tenant to pay no rent until their completion, when she was to have the premises for ten years at an increased rental, receiving credit for the rent paid for May and June:

*Held,* that the action cannot be maintained because the alleged contract upon which it is founded is directly negatived by the unreversed judgment in the summary proceedings which settled the tenancy, the rent due and unpaid and the holding over after default in payment.

*General Term, June,* 1882.

THE plaintiff, in or about May, 1876, went into possession of a dwelling-house in the city of New York belonging to the defendants, under a written lease, for one year, from May 1, 1876, at a rental of $1,000, payable monthly, in advance. The rent for May and June was paid. The plaintiff gave evidence tending to show certain verbal agreements between herself and landlords in June and July, 1876, whereby the landlords were to make extensive repairs and alterations, to be finished by October first, and the tenant to pay no rent until their completion. Thereupon the tenant was to have the premises for ten years at an increased rent, receiving credit for the rent paid for May and June, and the cost of repairs done by her. The reparation began in the month of June. In December, 1876, summary proceedings were commenced before a district court in behalf of H. Naylor, as landlord, against the plaintiff, to dispossess her for non-payment of rent reserved in the written lease. Judgment was taken by default, the tenant having appeared on the return day and requested a delay in issuing the warrant. The request was granted, though the process finally issued, and was executed. This action was brought to recover damages for the breach by the landlords of the verbal agreement. The plaintiff testified the repairs were not finished in December, when she was removed from the premises. On the trial, the court directed a verdict for the defendants, and denied the motion for a new trial. From the judgment and order the plaintiff brings this appeal.

*E. Louis Lowe*, for appellant.

*Albert Mathews*, for respondent.

BEACH, *J.* — Had the landlords brought an action for rent against the tenant a judgment in their favor would not have barred the latter from maintaining an action to recover damages for the breach of any independent agreement for repairs not subversive of the contract upon which the judg-

ment was founded. The latter would not be bound to recoup her damages in the first suit, but might reserve them. This is the breadth of the adjudications cited by the counsel for appellant. A defendant is not called upon to assert claims existing in his favor against the plaintiff, but may use them for legal proceedings initiated by himself (*Yates* agt. *Fassett*, 5 *Den.*, 29; *Kelsey* agt. *Ward*, 38 *N. Y.*, 83; *Brown* agt. *Gallaudet*, 80 *N. Y.*, 713; *Morgan* agt. *Powers*, 66 *Barb.*, 35). This principle, however, has not sufficient scope to control the case at bar. The adjudication in the summary proceeding was final so far as the facts necessarily passed upon. The judgment conclusively settled the tenancy, rent due and unpaid, and the holding over after default in payment. This action is brought upon verbal agreements, whose terms include an entire abrogation of the liability to pay rent from its cessation, until the repairs and alterations provided for were finished. The plaintiff testifies these were not done when she was removed from the premises by process of law. The judgment established the allegations in the affidavit needful to sustain the landlord's right of possession, and among them was the lease set forth (*Brown* agt. *The Mayor*, &c., 66 *N. Y.*, 385; *Yates* agt. *Preston*, 41 *id.*, 131).

The plaintiff here must establish one or more agreements, wholly inconsistent with the original lease. They are detailed by the plaintiff in her testimony, with sufficient clearness to show radical change in the term of occupancy, an increased rent to begin in the future, and release from payment of the rent provided for in the original instrument. Both written and verbal contracts could not stand. The cause of action might not be affected by the judgment, if it was founded upon an agreement consistent with the lease, and the damages claimed to have resulted from the defendant's breach would then constitute a claim unaffected by the prior adjudication. While a counter-claim or set-off need not be asserted by answer to a complaint, it cannot be made the subject of an independent action when it results from an alleged contract,

the existence of which, in many of its material parts, is directly negatived by a judgment unreversed and unappealed from, given in an action between the same parties. The H. O. Taylor named in the summary proceedings must be taken as representing the landlords, and I see no reason why that should not be held established by the judgment. The firm is bound by his action and entitled to its benefit.

The judgment should be affirmed, with costs.