Gildersleeve, J.
“ Ido not think this action and the one in the Supreme Court are identical. The papers before me do not disclose a state of facts that warrant the granting of a stay in this action preceding the determination of the Supreme Court action. It will not be denied that when two suits are commenced in different courts, and the subject of the action and the parties are the same in each, the court which first acquires jurisdiction should dispose of the whole matter. McCarthy v. Peake, 18 How., 138. But the parties to these two actions are not the same, inasmuch as John Gorman, who appears as one of the defendants in the Supreme Court case, is not mentioned in the Superior Court suit. What his interest is does not appear; but the fact remains that the parties to the two suits are not identical.
W. Tazewell Fox, for appellant Mary Lavelle, argued:—
I. Where two suits are commenced, and the subject matter of the action of both suits and the parties are the same, and the entire relief demanded and sought in the one case can be obtained in the other, the one last brought will be stayed. Baylies’ Trial Prac., 35; McCarthy v. Peake, 18 How., 138. The reasoning in the latter case is decisive of this appeal. The court *365 must not be misled by the use of the term “ issues,” by the counsel for the respondent, as if it were synonymous with the “ subject matter ” of the action. It is not necessary for the court to know what the “ issues ” are. If the “ subject matter ” is the same as disclosed by the complaints and the parties the same, the junior action will be stayed. McCarthy v. Peake, supra. The cases of Stowell v. Chamberlain, 60 N. Y., 272, and Dawley v. Brown, 79 Ib., 398, relied upon by the learned judge at special term, are clearly distinguishable from the present case. The phrases “ property involved ” and “ subject matter ” are not convertible terms. In Stowell v. Chamberlain, the “ property involved ” was the same in both of the actions considered, but the “ subject matter,” was entirely different. In the one case, the subject matter was a contract (see the first line of Judge Allen’s opinion at page 274), and in the other, the “subject matter” was a t^rt (see top of page 276 in same case). Of course, the same evidence could not, therefore, have sustained both actions. The case of Dawley v. Brown, supra, also cited by the learned special term judge to sustain his opinion, so far from aiding the respondent, is a strong authority for the appellant. At the bottom of page 399, it distinctly decides that if the “ same title is sought to be litigated in both actions,” relief will be granted, either by granting a stay in the second action, or by sustaining a plea of former action pending. The two cases considered in Dawley v. Brown, supra, presented two distinct titles, and therefore the same evidence would not sustain both actions, which were in ejectment. This case nowhere decides that “ it is necessary that it appear that the first action is for the identical relief demanded in the second action.” All that it says is, that the “ causes of action ” must be the same. Still less does Kelsey v. Ward, 16 Abb., 102-103, sustain the respondent. It is palpable that the causes of action were entirely different. Both were for rent, but the *366 “ subject matter ” of one action was a contract calling for payments quarterly, and of the other an entirely different contract calling for payments yearly.
*364 It is true that the property involved is the same in both actions ; but that is not a sufficient reason for granting the stay. Stowell v. Chamberlain, 60 N. Y., 272 ; Dawley v. Brown, 79 Ib., 398-400. It is also true that all the relief demanded in the Superior Court case, which is the junior action, is demanded in the Supreme Court case, but the complaint in the latter case alleges additional matter, and the prayer asked for more than is sought in the Superior Court case. The same evidence would not support both actions, inasmuch as more evidence would be required in the Supreme Court case than would be necessary in the Superior Court case. See Stowell v. Chamberlain, supra. To sustain a plea of former action pending, which is governed by the same principle as a motion for a stay (Dawley v. Brown, supra,) it is necessary that it appear that the first action is for the identical relief demanded in the second action, Dawley v. Brown, supra; Kelsey v. Ward, 16 Abb., 102-103, affirmed, 38 N. Y., 83. So closely has this rule been enforced that, in the case of Kelsey v. Ward, supra, which is quoted with approval by the Court of Appeals in the case of Dawley v. Brown, supra, it was held that the pendency of actions for rent alleged to be payable quarterly was no defence to an action for the same rent under a claim that it was payable at the end of the year. Under the circumstances, the motion for stay is denied, without costs.”
*366 II. The cause of action, or the “ subject matter ” of the two suits under consideration on this appeal is identical. What is the “ cause of action ” in these two suits as disclosed by the two complaints ? Why the partition of the identical property—and before either suit can go to judgment the title of the property must be proved. It is the same title in both actions which must be proved, and so falls strictly within the rule laid down in Dawley v. Brown, supra. The identical evidence must be given in both actions, before judgment can be had, and it matters not whether it be given upon issues raised between the defendants among themselves in the Superior Court action, as permitted by action 1543 of the Code, or upon the issues raised by the complaint and answers in the Supreme Court case. In each case the identical title, the same “ subject matter,” is to be litigated, and the same relief granted to all of the parties,viz., the sale of the identical property and the proper distribution of the proceeds among those entitled thereto. In either case the identical questions have to be passed upon and litigated, and upon the identical evidence. It matters not whether that evidence come from plaintiffs or defendants, Hornfager v. Hornfager, 6 How., 279. Prior to the adoption of the Code, questions of title could not be litigated in partition suits, but now section 1543 makes express provision for such litigation in partition actions. Knapp on Partition, p. 172; Knapp v. Burton, 7Civ. Pro. Rep., 448 ; Hulse v. Hulse, 23 State Rep., 123, and Shannon v. Pickell, 2 Ib., 160, expressly decide that questions of title may be decided in partition actions. See, also Hornfager v. Hornfager, supra. The case of Van Schuyver v. Mulford, 59 N. Y., 426, was decided prior to the adoption of the Code, and. is no longer applicable. The College of St. Francis *367 Xavier is not in possession adversely and its alleged deed is an absolute nullity. Gridley v. College of St. Francis Xavier, Supreme Court, General Term, Second Department, decided February, 1892, and not yet reported.
George Bliss, for appellant The College of St. Francis Xavier, argued :—
I. The causes of action are not really identical. But passing that, it is clear that the Lavelle action cannot be maintained. It is an action in partition. The moving affidavit shows this, as does the complaint. But the complaint shows that the Lavelle action cannot be maintained, for it shows that the plaintiff and the defendant, the College of St. Francis Xavier, are not tenants in common. The complaint denies that the college is a tenant at all; it shows, if its statements are true, that the college is holding adversely and denying plaintiff’s title. But it is familiar law that, if the possession is adverse, partition will not lie. Code, § 1532 ; Florence v. Hopkins, 46 N. Y., 182 ; Van Schuyver v. Mulford, 59 Ib., 426. Section 1537 of the Code does not help the plaintiff in the Lavelle case. That section relieves the plaintiff from the necessity of being in possession, to maintain partition where a devise is claimed to be void, but does not do away with the rule that the possession must not be adverse; certainly not except in a case where the adverse possession is based upon the alleged void devise. It cannot have that effect where the adverse possession antedates the death of the testatrix, and was adverse to her. There are different parties to the two actions. Gorman is not a party to the Lavelle action.
II. There must be more proof in the Supreme Court action than in the action in this court. The court cannot say that the issues in the two actions are the same. Neither of the answers is in the printed case. The moving party, therefore, does not seem to consider them *368 before the court for the purposes of this motion. An examination of the two complaints does not indicate that the issues are the same. In the Lavelle case, for instance, the validity of the alleged inquisition of idiocy is directly drawn in question. So is the validity of the devises in the will of Ann Owens, and the capacity of the devisees to take. It cannot be inferred from the identity of the defendants that their answers put in issue the same matters. For instance, in this suit, Mrs. Lavelle, as the person in occupation, is a proper, if not necessary, defendant, and her presence does not necessarily imply that she asserts her ownership, nor that her defence involves the question of the invalidity of the inquisition nor the illegality of the devises.
Alexander B. Johnson, for respondent, argued :—
I. Plaintiffs action is one of simple partition. The Lavelle action assails the validity of the deed made by Ann Eliza to the college, and asks for its cancellation. Section 1537 of the Code allows a suitor in partition to assail a devise in a will, but the Lavelle action goes far beyond that, and asks to remove this deed from record. It therefore follows that the causes of action are not the same. Mrs. Lavelle is a stranger to the title. Proof will be required to maintain the Lavelle action that will not be required in this action. The relief demanded is not the same. Mrs. Lavelle demands relief by setting aside the deed without which she could have no standing in court.
II. The two actions are not between the same parties. It is well settled that the causes of action must be identical and the parties the same. Kelsey v. Ward, 16 Abb., 98, affd., 38 N. Y., 83; Hain v. Baker, 5 Ib., 357; Stowell v. Chamberlain, 60 Ib., 272; Dawley v. Brown, 79 Ib., 398-400.
Per Curiam.
The order should be affirmed, with *369 ten dollars costs, etc., upon the opinion filed by the learned judge of the court 'below.