(51 Misc. Rep. 605.)

### LEWIS v. RITOFF.

(Supreme Court, Appellate Term. November 14, 1906.)

1. LANDLORD AND TENANT—RENT—LANDLORD'S FAILURE TO REPAIR.

It was no defense to an action for rent, where the tenant had entered into possession, that the landlord had breached a covenant to make certain repairs; the tenant's remedy being a recoupment from the rent or a separate action for damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 782, 893.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Kalman Lewis against Theodore Ritoff. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Meyer Greenberg, for appellant.
George Gru, for respondent.

GILDERSLEEVE, J. The defendant was a tenant of plaintiff, under a lease which expired on May 1, 1906, at a monthly rent of $47.50. Some time in March or April, 1906, defendant told plaintiff he would like to renew the lease for another year. Plaintiff agreed,

provided defendant would pay $52 a month rent. It was finally agreed that a lease for another year should be given by which defendant should pay $52 a month, and plaintiff agreed to make certain repairs to the premises before the 1st of May. A written lease was prepared, but never executed. Defendant, however, remained in possession of the premises through the month of May, 1906, although no repairs were made by the plaintiff. The defendant refused to pay rent for said month of May, 1906, and plaintiff brought this action for $52 as rent for said month. The justice found for defendant. Plaintiff appeals.

Accepting the defendant's version to be correct as to the facts of the case, he would have been justified in refusing to accept the lease from May 1, 1906, upon the failure of plaintiff to do the repairs. Kelsey v. Ward, 38 N. Y. 84. Instead of doing this, however, he continued to occupy the premises, with full knowledge of plaintiff's omission to keep his agreement. In this action for rent no counterclaim is interposed for damages suffered by reason of plaintiff's failure to repair, and judgment was rendered on the theory that, as plaintiff had failed to perform the condition precedent to the lease, defendant was relieved from his obligation to pay rent thereunder, notwithstanding his continuance in occupation after the expiration of the former lease. This theory was erroneous, as the landlord's failure to repair the premises, as covenanted, before the term begins, is no bar to an action for rent, where the lessee has nevertheless taken possession. Chaplin on Landlord and Tenant, p. 110. The remedy of the lessee is by recouping from the rent such damages as he has sustained by the failure of the lessor to fulfill his contract, or to bring a separate action for the recovery of such damages. Kelsey v. Ward, 38 N. Y. 83. The failure to repair was no defense to this action for rent, although it might have been ground for counterclaim. McAdam on Landlord and Tenant (3d Ed.) p. 920. The defendant, if he had made the repairs himself, could have counterclaimed the cost of such repairs, or, if he did not do the repairs himself, he could have counterclaimed the difference in the value of the use of the premises as they were and as the plaintiff had agreed to put them, and he could have proved his actual damage by showing the difference in value. Cook v. Soule, 56 N. Y. 420.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.