## LUTZ v. GOLDFINE.

### (Supreme Court, Appellate Term.  May 4, 1911.)

1. LANDLORD AND TENANT (§ 188*)—LEASES—COVENANT.
    Where the covenant of a landlord to make repairs and alterations and to have the premises ready for occupancy at a time certain and the covenant of the tenant to pay a certain sum at fixed periods as rent are each absolute and independent, and the tenant accepts possession of part of the premises only, he is liable for the whole rent, and the breach of the landlord's covenants is not a defense in an action for the rent.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 782, 784, 786; Dec. Dig. § 188.*]

2. LANDLORD AND TENANT (§ 230*)—ACTION FOR RENT—ADMISSIBILITY OF EVIDENCE.
    In an action for rent, it was error to admit evidence of an alleged executed parol agreement, made after the sealed lease, modifying the lease, and providing that defendant was to pay no rent until repairs and alterations covenanted to be made by the landlord were made and the entire premises delivered to defendant, where the agreement was not pleaded, and objection was made to its introduction in evidence.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Anna Lutz against Joseph Goldfine.  From a judgment for defendant, and an order denying a new trial, plaintiff appeals.  Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Baldwin, Wadhams, Bacon & Fisher (Wallace N. Vreeland, of counsel), for appellant.

S. Goodelman, for respondent.

SEABURY, J.  This action was brought to recover rent reserved under a written lease between the parties.  The denials contained in the answer did not put in issue the material allegations contained in the complaint.  The answer, however, alleged new matter as a defense and counterclaim.  The defendant withdrew the counterclaim, and elected to stand upon the new matter pleaded as his sole defense to the action.  The defense alleged is that simultaneously with the execution of the written lease, and as a part of the consideration for said lease, the plaintiff agreed to make certain repairs and alterations in said premises; that the repairs and alterations in premises 365 First avenue would be completed and the premises would be ready for oc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cupancy on May 1, 1910; that the repairs and alterations in premises 367 First avenue would be completed and the premises would be ready for occupancy on June 1, 1910; that the plaintiff has failed and refused to make the repairs and alterations agreed upon, and has failed and refused to give the defendant the entire possession of the premises leased. The evidence discloses that the defendant took possession of a part of the premises leased. The only evidence in the record to sustain the agreement alleged in the defense is the lease itself.

[1] Under the lease the landlord covenants to make repairs and alterations, and to have the premises ready for occupancy at a time certain, and the tenant covenants to pay a sum certain at fixed periods as rent. Both covenants are absolute and independent. Drago v. Mead, 30 App. Div. 258, 51 N. Y. Supp. 360. As the tenant entered into possession of part of the premises, the landlord's breach of his covenant to repair and make alterations and to have the entire premises ready for occupancy at a time certain is no *defense* to this action. In O'Brien v. Smith, 13 N. Y. Supp. 408, 409,[1] affirmed 129 N. Y. 620, 29 N. E. 1029, it was said:

"The rule is well stated by Judge McAdam, in his work on Landlord and Tenant (Second edition, p. 142), as follows: '(1) That if the tenant, by any wrongful act or neglect of the landlord, cannot get possession of the whole subject of the demise, he is not bound to accept a part thereof, and may, by declining to take part, plead the landlord's wrongful act or neglect in defense of any action the landlord might bring to recover the rent. (2) If, however, the tenant accept part, he enters under the demise, and is liable on his covenant for the whole rent, unless the covenant to pay is made dependent on receiving possession of the whole. (3) The tenant's remedy is to recover his damages arising from the failure to receive full possession, either by way of counterclaim to the original action for rent, or by way of an independent action.' This doctrine is supported by the authorities."

The breach of the landlord's covenant to repair and make alterations is likewise no defense to this action. The tenant's remedy is to recover his damages by way of counterclaim to this action, or by way of an independent action. Lewis v. Ritoff, 51 Misc. Rep. 605, 101 N. Y. Supp. 40; Kelsey v. Ward, 38 N. Y. 83; Thompson-Houston Electric Company v. Durant Land Improvement Company, 144 N. Y. 34, 47, 48, 39 N. E. 7;. Myers v. Burns, 35 N. Y. 269; Cook v. Soule, 56 N. Y. 420; Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Drago v. Mead, 30 App. Div. 258, 51 N. Y. Supp. 360.

In the application of these rules, the "practical result is that the landlord, on the one hand, receives as rent all the tenant agreed to pay, while the tenant, on the other hand, recovers as damages a sum sufficient to make good his loss. In this way the obligations of the parties are fully satisfied by compensation fixed upon legal principles." McAdam on Landlord and Tenant (4th Ed.) p. 372.

[2] The respondent contends, however, that he took possession of a part of the premises under a subsequent parol agreement, which modified the terms of the sealed lease to the extent that he was to pay no rent until the repairs and alterations were made and the entire

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 624.

premises were delivered to him. This agreement was not pleaded, and it was error for the court to receive evidence of it over the objection and exception of the appellant. If this agreement had been pleaded, it would have been a good defense to this action, if it had been executed. In McKenzie et al. v. Harrison, 120 N. Y. 260, 263, 24 N. E. 458, 459, 8 L. R. A. 257, 17 Am. St. Rep. 638, it is said:

"We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. Coe v. Hobby, supra [7 Hun, 157]; Smith v. Kerr, 33 Hun, 567, 571; Id., 108 N. Y. 31 [15 N. E. 70, 2 Am. St. Rep. 362]. Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1,000 per year was void and inoperative, in so far as it remained unexecuted. The lessors had the right to repudiate it at any time, and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule invoked has no application. The reason of the rule was founded upon public policy. It was not regarded as safe or prudent to permit the contract of parties which had been carefully reduced to writing and executed under seal to be modified or changed by the testimony of witnesses as to the parol statements or agreements of parties. Hence the rule that testimony of parol agreements shall not be competent as evidence to impeach, vary, or modify written agreements or covenants under seal. But the parties may waive this rule, and carry out and perform the agreements under seal as changed or modified by the parol agreement, thus executing both agreements; and where this has been done, and the parties have settled with a full knowledge of the facts and in the absence of fraud, there is no power to revoke or remedy reserved to either party. * * * "

Upon a new trial under an amended answer, the defense urged by the respondent may be proved, provided the agreement alleged was executed, or damages may be recouped by way of counterclaim; but upon the record before us it is clear that the judgment must be reversed.

Judgment reversed, and a new trial ordered with costs to the appellant to abide the event. All concur.