## KAUFMAN v. TARULLI.

(Supreme Court, Appellate Term. June 21, 1912.)

LANDLORD AND TENANT (§ 223*)—RENT—ACTIONS—FAILURE TO REPAIR.

Breach of the landlord's obligation to put the premises in repair before the tenant was required to take possession is no defense to an action for rent, where the tenant did take possession, but is available in such action only by way of counterclaim, to be supported by evidence of damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Ricka Kaufman against Vito Tarulli. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

William Jasie, of New York City, for appellant.
Brande & Weber, of New York City, for respondent.

PER CURIAM. The parties to this action executed a written lease, by the terms of which the defendant rented certain premises of the plaintiff for 4 years and 5 months from December 1, 1911. The defendant entered into possession of the premises, and was in occupation when this action was tried on March 4, 1912. The plaintiff sued for the rent for the month of February, 1912. The answer admits, by not denying, the making of the lease, the possession of the premises, and the failure to pay the February rent. It sets up as a defense, and by way of counterclaim, that the plaintiff agreed in the lease to put the premises in good repair, and alleges the failure of the plaintiff so to do, and claims damages in the sum of $130, a sum equal to the February rent reserved in the lease.

The breach of the landlord's obligation to put the premises in repair before the tenant was required to take possession is no defense to an action for rent, where in fact the tenant does take possession. Lutz v. Goldfine, 72 Misc. Rep. 25, 129 N. Y. Supp. 63. The obligation of the landlord to make the repairs and the obligation of the tenant to pay rent are independent, and in a suit by the landlord for rent the tenant may take advantage of the landlord's breach only by way of counterclaim for damages. The measure of damages, upon proof of such breach by the landlord, is carefully set forth in the case of Thomson-Houston El. Co. v. Durant Land Improvement Co., 144 N. Y. 34, 39 N. E. 7. The record before us is entirely barren of any evidence to support an award of damages upon the counterclaim.

Judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes