WILLIAM E. MASTIN, Respondent, v. JOHANNA BOLAND, Doing Business under the Firm Name and Style of the OLD HOMESTEAD DINING ROOM, Appellant.

Fourth Department, May 16, 1917.

Sale — breach of warranty as to quality of goods — counterclaim founded upon breach of warranty — Personal Property Law construed — notice to seller.

Where in an action to recover the full contract price of canned foods sold and delivered to the defendant the court finds as a fact a breach of warranty as to the quality of the goods, which breach is set up as a counterclaim by the defendant, it was error for the court to allow a full recovery by the plaintiff upon the theory that the counterclaim for breach of warranty is ineffective because the defendant kept and used the goods after knowledge of the breach. This, because under the Personal Property Law, as amended, the defendant on discovering the breach of warranty may retain and use the goods and recoup her damages out of the purchase price, provided she gave notice to the plaintiff of the breach of warranty within a reasonable time after its discovery by her.

Where it appears that at the time of the delivery of the goods the defendant did not know the plaintiff's name or address, a notice of breach of warranty given three weeks later when the plaintiff called to collect the price was given within a reasonable time.

APPEAL by the defendant, Johanna Boland, from an order of the County Court of Onondaga county, entered in the office of the clerk of said county on the 19th day of December, 1916, affirming a judgment of the Municipal Court of the

City of Syracuse in plaintiff's favor and also from the judgment entered in said clerk's office on the 19th day of December, 1916, affirming said Municipal Court judgment pursuant to the order appealed from.

*Hand & Michael* [*P. Sidney Hand* of counsel], for the appellant.

*William F. Hodge,* for the respondent.

FOOTE, J.:

The decision as first made by the Municipal Court judge clearly indicates that he found with defendant as to the warranty, its breach, and that the defendant sustained damages thereby which constituted a good counterclaim. His subsequent order modifying his first decision permitted plaintiff to recover the full contract price for the goods delivered and allowed nothing upon the counterclaim. We cannot assume that he intended to find the facts differently. His decision indicates that while finding the facts in favor of defendant, he held her not entitled to recover upon her counterclaim because she had kept and used the goods after full knowledge of the breach of the alleged warranty, or the failure of the goods delivered to correspond in description with the goods purchased. We think the learned judge in so deciding has failed to give effect to sections 93, 95, 130 and 150 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), as added by chapter 571 of the Laws of 1911. By these sections, if the goods delivered were not the variety of canned vegetables which defendant purchased and which plaintiff represented them to be, as she alleges, then, even though the contract was executory, defendant had the right to retain and use the goods after discovering that they were not as represented, and recoup her damages out of the purchase price, provided she gave notice to plaintiff of the breach of his promise or warranty within a reasonable time after its discovery by her. If it be true, as claimed by defendant, that she did not know at the time the goods were delivered plaintiff's name or address, then we think the notice which she did give about three weeks after the sale, when plaintiff called at her house to collect his pay, was within a reasonable time.

The judgments of the County Court and the Municipal Court should be reversed, with costs in this court and in the courts below to abide the event, and a new trial ordered in the Municipal Court.

All concurred.

Judgment of County Court and judgment of Municipal Court reversed, with costs in this court and the courts below to the appellant to abide the event, and a new trial granted, to be had in the Municipal Court on the 29th day of May, 1917, at ten A. M.