JOHN C. BOTTS, Appellant, *v.* MERCANTILE BANK OF MEMPHIS, Respondent.

First Department, December 21, 1917.

**Pleading — answer — defendant required to separately state defenses and counterclaims.**

Motion to compel a defendant to state certain defenses and counterclaims separately. Answer examined, and *held*, that the motion should be granted and the defendant should be required to separately state each of three claims as a defense or counterclaim, or to state any of them both as a defense and as a counterclaim.

APPEAL by the plaintiff, John C. Botts, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, denying his motion to compel the defendant (a) to state its defenses and counterclaims separately; (b) to state its defenses separately; (c) to state its counterclaims separately, or (d) to strike out as irrelevant and immaterial certain allegations relative to the law of Tennessee.

*Alfred Gregory* of counsel [*Hawkins, Delafield & Longfellow,* attorneys], for the appellant.

*Archibald R. Watson* of counsel [*John M. Harrington* with him on the brief], *Barber, Watson & Gibboney,* attorneys, for the respondent.

DOWLING, J.:

This action is brought to recover from defendant, a corporation organized under the laws of the State of Tennessee, the sum of $12,489.50, alleged to have been paid to and deposited with it for the use of Madison Foster, who thereafter assigned his interest therein to plaintiff. The defendant heretofore interposed an answer containing two counterclaims, to which a demurrer having been interposed, the same was overruled. On appeal to this court, the demurrer to the second counterclaim was unanimously overruled and the demurrer to the first counterclaim was sustained by a divided

court. (170 App. Div. 879.) Defendant has now, by permission, interposed a new defense. In this, it sets up by way of separate and distinct defense, as well as by way of counterclaims, the facts heretofore embraced in the original counterclaim, with some other matter. In the present pleading the defendant has sought to incorporate under one general allegation, as both a defense and counterclaim, facts which may be appropriate to either a defense or counterclaim, but which are not properly applicable to both. Moreover, the facts pleaded are not addressed to simply one defense or counterclaim, but indicate a mingling of three different theories whereby liability to plaintiff may be resisted. These are as follows: (1) That plaintiff's assignor had knowledge of the diversion of the funds in question by defendant's president (Raine), knew the trust character of the funds and that they belonged to the defendant bank, and that he received the same to the extent of over $900,000 in alleged satisfaction of the personal obligations of Raine to furnish margins on speculative accounts, with full knowledge and notice of the nature of the funds so paid, resulting in a net loss to the bank of $494,670. Substantially the same facts were pleaded as the second counterclaim in the original answer herein and were held by this court to constitute a good counterclaim. There is no reason why they should now be added to, or amplified by the inclusion of irrelevant matter. (2) That the money in question passed from Raine to plaintiff's assignor in pursuance of an agreement whereby contracts in cotton futures were to be dealt in, which were void as gambling contracts under the law of the State of Tennessee, in which State the same were made, and the alleged substance of the laws of that State applicable to such contracts is set forth, whereby any sale, contract or agreement for the sale of cotton or other produce or thing, for future delivery, where either party is dealing for margin, or on the prospective rise or fall in the price of the thing sold, without any intention to either make delivery or receive the property, is gaming, and unlawful and void.* Substantially the same state of facts was set up in the "first" counterclaim in

---

* See Thomp. Shannon's Code Tenn. (1917 ed.), p. 1266, § 3166 *et seq.*
—[REP.

the original answer. This was deemed demurrable by a majority of this court because it failed to show that Raine and Foster were engaged in buying and selling cotton futures to each other, as opposing parties in contracts for sale and purchase, and the court said: "The pleader should plainly and without indirection allege just what the relation was between Raine and Foster with reference to the dealing in cotton futures." This defect defendant has sought to remedy, but the new allegations none the less apply alone to the ground of alleged illegality under the Tennessee statute. (3) There is a further claim against plaintiff sought to be set forth by allegations that in many instances Foster had failed to execute orders given him by Raine for the alleged purchase or sale of cotton for future delivery, in connection with which orders Foster had received funds belonging to the defendant bank, and that Foster had not discharged the duty resting on him as broker and agent for Raine, and in many cases the orders were never executed by Foster at all, but he nevertheless charged the alleged losses thereon to Raine and received defendant's money in payment of such alleged and fictitious losses.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent of requiring defendant to serve a third amended answer, wherein it shall separately state each of these claims above referred to, and also separately state each of said three claims as a defense or as a counterclaim or state any of them both as a defense and as a counterclaim, provided they are appropriately separately pleaded and described as such.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent stated in opinion. Order to be settled on notice.