ROBERT GOELET and Another, as Surviving Trustees under the Last Will and Testament of OGDEN GOELET, Deceased, and Another, Appellants, *v.* HENRY GOLDSTEIN and Others, Individually and as Copartners Carrying on Business under the Firm Name of GOLD HOSIERY COMPANY, Respondents.

First Department, May 29, 1930.

*Roger Hinds* of counsel [*George E. Walton* with him on the brief; *Clark, Reynolds & Hinds,* attorneys], for the appellants.

*Isidore Lowenbraun,* for the respondents.

PER CURIAM. By this appeal the plaintiffs seek the reversal of an order which denied a motion to direct the defendants to make their answer more definite and certain, to strike out the first, second and third defenses set up in the answer, and to dismiss the third counterclaim.

The action is for rent. The three defenses are also set up as counterclaims.

The first alleged defense sets forth in substance that in order to induce these defendants to enter into a lease of a store and basement, the plaintiffs agreed to place said store and basement in proper shape and condition for use by these defendants in their business. It is then alleged that the plaintiffs failed to place the premises in condition and requested the defendants to do so; that the defendants did so at an expense of $2,067, for which sum judgment is demanded.

The second alleged defense is founded on an alleged breach of

contract. The defendants set forth that the plaintiffs, the land-lords, failed to furnish heat and failed to comply in several other respects with the terms of the lease.

The third defense alleges that because of the negligence of plaintiffs in failing to properly maintain the building, a part of which was leased by the defendants, they were damaged.

While it is true that a defense and counterclaim may be combined in an answer (*Botts* v. *Mercantile Bank,* 180 App. Div. 546; *DeWitt* v. *New York Herald Co.,* 196 id. 417); the facts must constitute both a defense and counterclaim to be properly pleaded as both defense and counterclaim.

In *Kelsey* v. *Ward* (38 N. Y. 83) the Court of Appeals said: " This evidence would have shown merely that the plaintiff had failed, in some things, fully to perform the contract upon which the suit was brought, and that the defendants had sustained damages by such failure. This failure of the plaintiff would have barred an action upon the contract by the plaintiff, had the defendants refused or neglected to take possession of the property agreed to be leased to them by the contract. But they did take possession, and have continued to occupy the property. Having done this, they are bound to pay the rent, recouping therefrom such damages as they have sustained by the failure of the plaintiff to perform his contract, or, at their election, bring an action against the present plaintiff for the recovery of such damages."

In *Lutz* v. *Goldfine* (72 Misc. 25) the court said: " The breach of the landlord's covenant to repair and make alterations is, like-wise, no defense to this action. The tenant's remedy is to recover his damages by way of counterclaim to this action or by way of an independent action. (*Lewis* v. *Ritoff,* 51 Misc. Rep. 605; *Kelsey* v. *Ward,* 38 N. Y. 83; *Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.,* 144 id. 34, 47, 48; *Myers* v. *Burns,* 35 id. 269; *Cook* v. *Soule,* 56 id. 420; *Reiner* v. *Jones,* 38 App. Div. 441; *Drago* v. *Mead,* 30 id. 258.)

" In the application of these rules, the ' practical result is that the landlord, on the one hand, receives as rent all the tenant agreed to pay, while the tenant, on the other hand, recovers as damages a sum sufficient to make good his loss. In this way the obligations of the parties are fully satisfied by compensation fixed upon legal principles.' McAdam, Landl. & Ten. (4th ed.) 372."

All three alleged defenses are insufficient as defenses but are properly pleaded as counterclaims. The third alleged counterclaim grows out of the same transaction. (*Thomson* v. *Sanders,* 118 N. Y. 252; *Ter Kuile* v. *Marsland,* 81 Hun, 420.)

The motion to strike out the three alleged defenses should have

been granted. The motion to strike out the third counterclaim and to make the answer more definite and certain was properly denied.

The order appealed from should, therefore, be modified by granting the motion only so far as to strike out the first, second and third defenses as defenses, and in other respects denying the same, and as so modified affirmed, without costs, with leave to plaintiffs to reply within ten days from service of the order to be entered hereon with notice of entry thereof.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ.

Ordered modified by granting motion only so far as to strike out the first, second and third defenses as defenses, and in other respects denying the same, and as so modified affirmed, without costs, with leave to plaintiffs to reply within ten days from service of order.