EDNA WEINSTEIN, Appellant, *v.* KEN-WEL SPORTING GOODS CO., INC., Respondent.

First Department, December 5, 1930.

*Robert J. Blum*, for the appellant.

No appearance for the respondent.

FINCH, J. The plaintiff moved for judgment on the pleadings or, in the alternative, to strike out certain portions of the defense and two counterclaims. The learned court at Special Term granted the motion in so far as to strike out certain allegations from the defense and first counterclaim and the entire second counterclaim, with leave to defendant to serve an amended answer. Plaintiff appeals from the order in so far as it denied the complete relief which she asked for. Defendant does not appeal.

The complaint is based upon the sale and delivery by the plaintiff's assignor of merchandise for an agreed price of £262 1s. 7d., English currency, to recover which the action is brought. Attached to the complaint are schedules setting forth and numbering the items of the claim. Plaintiff also pleads that the merchandise was duly accepted, that no part thereof has been paid for, and that prior to the commencement of the action the cause of action was duly assigned to the plaintiff. The second amended answer, in substance, denies the sale and delivery, as alleged by the plaintiff, and pleads that the merchandise was sold pursuant to a different contract. Also the answer denies the acceptance. The defendant in addition pleads specifically in the answer the items in the schedules which it disputes. The answer then alleges " for a first affirmative and distinct defense, counterclaim, offset and cause of action against the plaintiff," that the parties duly entered into an agreement whereby the assignor of plaintiff was to sell and deliver to defendant merchandise upon instructions from defendant at the rate of two shillings and five pence per foot; that the plaintiff's assignor warranted that the merchandise would be clean, uniform in color and suitable for the manufacture of football and basketball covers, and that the defendant, in the purchase of the goods, relied upon said warranty. Also that at the time of the making of the contract the defendant informed the seller that the merchandise was to be used for the manufacture of football and basketball covers and

that the defendant in the purchase relied upon the skill and judgment of the seller. It further is alleged that the seller delivered to the defendant a portion of the merchandise and, upon examination, it was found to be dirty, not of uniform color and unfit for the manufacture of basketball and football covers. Immediately upon the receipt of the merchandise defendant notified the seller that the merchandise was dirty, was not uniform in color and was defective, that the same cracked and could not be used for the manufacture of basketball and football covers. In consequence the defendant was unable to manufacture basketball and football covers for its trade and was unable to obtain merchandise similar to that ordered from plaintiff's assignor to fulfill orders from purchasers of this grade of basketball and football covers. It is further alleged that because of the facts set forth the defendant, by reason of loss of business and expenditures of sums of money for labor, was greatly injured in the market wherein it sold basketball and football covers, to its damage in the sum of $5,000.

The defendant then goes on to allege "for a second, separate affirmative and distinct defense, counterclaim, offset and cause of action" against the plaintiff, that the defendant duly demanded delivery of the remainder of the merchandise as ordered, but that the seller refused to deliver as provided in the agreement, to the damage of the defendant in the sum of $300.

The learned court at Special Term struck out those paragraphs of the answer which specifically indicated the items annexed to the complaint which were disputed by the defendant. This was error, since under the Civil Practice Act, as amended, where the plaintiff attaches schedules to his verified complaint setting forth the items of his claim and the reasonable value or agreed price of each, the defendant by verified answer must indicate specifically the items, if any, which are disputed in respect to delivery, performance, reasonable value or agreed price. (Civ. Prac. Act, § 255-a; *International Milk Co., Inc.*, v. *Cohen*, 219 App. Div. 308.)

The learned court at Special Term also struck from the "first affirmative defense, counterclaim and offset" those paragraphs wherein the defendant alleged that the seller was notified at the time of the purchase that the merchandise was to be used for the manufacture of basketball and football covers, also that paragraph relating to the delivery of a portion of the merchandise which was found to be dirty, not of uniform color and unfit for the manufacture of basketball and football covers, and also the allegation that immediately upon the receipt of the merchandise the defendant notified the seller of the defects and that the defendant was unable to manufacture basketball and football covers for its trade and was

unable to obtain suitable material elsewhere to fulfill its orders. These allegations were improperly struck out, since without them there is no allegation in this counterclaim that there was a breach, nor is there any allegation that the defendant gave notice to the seller of the breach within a reasonable time after its discovery, which latter is a necessary allegation to a cause of action for breach of warranty where there has been a delivery and acceptance of merchandise, or a delivery and no offer to return. (*Mastin* v. *Boland*, 178 App. Div. 421.) Since the defendant, as noted, however, has not appealed, the counterclaim, with these allegations stricken therefrom, fails to state a cause of action and, therefore, the entire counterclaim must be struck out.

At Special Term the learned court struck out the second counterclaim upon the ground that the defendant had not alleged due performance on its part of the terms and conditions (Rules Civ. Prac. rule 92). In so doing, the learned court was correct, since the defendant has only alleged "that the defendant has otherwise duly performed all the terms and conditions of said contract on its part to be performed," which is not the equivalent of an allegation of due performance.

This defendant has now tried several times properly to set up its pleas. It might not be amiss, therefore, to state that, since the defendant apparently has kept the goods, the defendant is relying upon a counterclaim as distinguished from an affirmative defense. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324.) Moreover, a defense and counterclaim should not be combined in one count, but must be separately stated and numbered, except where the same facts constitute a complete defense and also a complete counterclaim. (*Botts* v. *Mercantile Bank*, 180 App. Div. 546; *DeWitt* v. *N. Y. Herald Co.*, 196 id. 417.) The first counterclaim also contains no allegation of due performance on the part of defendant.

It follows that the order appealed from should be modified by striking out the remainder of the first counterclaim, without costs, and with leave to serve an amended answer within ten days after service of a copy of the order of this court with notice of entry and upon payment of ten dollars costs, as provided by the order appealed from.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Order so far as appealed from modified by striking out paragraphs 1, 2, 3, 4, 5, 9 and 10 of first counterclaim in second amended answer, and as so modified affirmed, without costs, with leave to defendant to serve an amended answer within ten days from service of order upon payment of ten dollars costs of motion at Special Term.