KAREL H. TOLL et al., a Copartnership Doing Business under the Name of ATLAS ADHESIVES, Plaintiffs, *v.* SAM FRIEDMAN, Doing Business under the Name of FIBRE SOLE COMPANY, Defendant.

Supreme Court, Special Term, New York County, September 30, 1946.

*Mortimer Sperling* for plaintiffs.

*William J. Henry* for defendant.

BOTEIN, J. Plaintiffs have moved, according to their notice of motion, "pursuant to Section 278 of the Civil Practice Act", "for an order dismissing the defendant's first affirmative defense and counterclaim for the reason that the defendant has no legal capacity to recover upon the same; that the counterclaim is not one which may be properly interposed in the action". The stated grounds for the motion indicate clearly that the motion, though not so characterized, is brought pursuant to subdivisions 2 and 4 of rule 109 of the Rules of Civil Practice. That rule is limited in operation to such defects as appear upon the face of the answer, unaided by affidavits or other extrinsic factual matter. (*Levan* v. *American Safety Table Co.*, 222 App. Div. 110.) This motion has, therefore, been considered and determined solely upon the answer of the defendant.

The portion of the pleading under attack is designated in the answer as an "affirmative defense and counterclaim". It alleges that "The plaintiff charged the defendant prices which were higher than the ceiling prices established by the O.P.A. for the work, labor and services rendered, and goods sold and delivered by the plaintiff to the defendant as set forth in Schedule 'A' attached to the complaint". Following this allegation is an itemization of the amount of alleged overcharges.

The practice of combining allegations not properly applicable to both a defense and a counterclaim under a single heading denominated as a defense and counterclaim has been frequently criticized as improper pleading (*Weinstein* v. *Ken-Wel Sporting Goods Co.*, 231 App. Div. 51; *Goelet* v. *Goldstein*, 229 App. Div. 456; *Botts* v. *Mercantile Bank of Memphis*, 180 App. Div. 546). Where allegations of new matter contained in an answer are improper as a defense but sufficient as a counterclaim they may be stricken as a defense but permitted to remain as a counterclaim (*Goelet* v. *Goldstein, supra*). The converse of the rule may be applied and allegations insufficient as a counterclaim but sufficient as a defense permitted to remain in the pleading as a defense.

The allegations of the answer, when considered as a counterclaim, fail to bring the defendant within the class of persons who may maintain an action for charges over '' ceiling prices '' established by the Office of Price Administration (Emergency Price Control Act of 1942, § 205, subd. [e]; U. S. Code, tit. 50, Appendix, § 925). It is only persons who have made purchases '' for use or consumption other than in the course of trade or business '' who may maintain such an action and an attempted statement of a cause of action is insufficient without an allegation that the plaintiff is within the class (*Lightbody* v. *Russell*, 293 N. Y. 492, 495). However, insofar as these selfsame allegations assert nonconformance with price regulations of the Office of Price Administration they will constitute, if established by proof at trial, a complete defense to plaintiffs' demand (*International Spangles Corp.* v. *Marrow Mfg. Corp.*, 295 N. Y. 295, 299).

Plaintiffs' motion is granted to the extent of dismissing the counterclaim as a counterclaim but permitting the defense to stand as a defense. Defendant may, if so advised, serve an amended answer within ten days after service of a copy of the order entered hereon, with notice of entry thereof.