Per Curiam.

The present complaint setting forth causes of action in equity
and at law is permeated with allegations that are irrelevant, unnecessary and prejudicial. In addition, it has intermingled factual allegations relevant only to the cause of action at law with those for equitable relief.
The cause of action at law seeking damages for breach of covenants of a lease appears to be adequate (see Kelsey v. Ward, 38 N. Y. 83; Goelet v. Gold-stein, 229 App. Div. 456, and Nemrow v. Assembly Catering & Supply Co., 121 App. Div. 481).
The equitable cause of action attempts to attack an arbitration proceeding for fixation of rent as sham and pro forma, and seeks other relief. The arbitration was held several years before between the plaintiff’s assignor and the landlord of certain premises now occupied by the plaintiff. We need not decide at this time whether the plaintiff, as assignee of the tenant-party to the arbitration, may attack the same by plenary suit, or whether the action should be barred as untimely commenced (see Matter of Heidelberger [Cooper], 300 N. Y. 502). These questions may await the service of a proper pleading separately stating the causes of action at law and in equity and omitting all irrelevant matters. Appropriate motions may then be made with respect to the new pleading or any parts thereof.
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the complaint dismissed, with leave to the plaintiff to serve an amended complaint.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the complaint dismissed, with leave to the plaintiff to serve an amended complaint. Settle order on notice.