Mario Pittoni, J.
The plaintiff moves for an order dismissing or striking out the first separate and distinct affirmative defense and counterclaim, and dismissing or striking out the second separate and distinct affirmative defense, setoff and counterclaim.
It appears that the defendant has combined his defenses and counterclaims. This may be done where the facts constitute both a defense and a counterclaim. (Hayden Co. v. Mitchell-Tappen Co., 139 Misc. 480; see Toll v. Friedman, 195 Misc 258 when the facts do not constitute both.)
I.
As to the first separate and distinct affirmative defense and counterclaim, it appears that the substance of the defense is an assertion that the plaintiff never loaned any money to the defendant, that the defendant was a “ straw man ” and that the plaintiff was in fact borrowing the money. The facts alleged are provable at the trial under the defendant’s denials of paragraphs *908 3, 4 and 5 of the complaint, and it is unnecessary to allege them as an affirmative defense. However, in Morgan Munitions Co. v. Studebaker Corp. (226 N. Y. 94, 98) the court said: “ Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense. ’ ’ Therefore, it is sufficient as a defense, and the motion to strike it as a defense is denied.
The defendant alleges that the plaintiff never loaned any money to the defendant; but really was the borrower by having induced defendant to lend her name and to be the ostensible borrower by agreeing that 1 ‘ he would indemnify and save and hold the defendant free and harmless of and from any and all liability, claims, damages and expenses in connection with such transactions ”. The defendant claims that the plaintiff’s action has caused an expense in connection with the transactions, that is, her attorney’s fees herein. The plaintiff in answer relies upon the usual rule that an attorney’s fee is not an item of damage, and he interprets the alleged indemnity agreement as an indemnity only as against claims, etc., of third parties and not against the plaintiff’s own conduct. The defendant interprets the agreement as sufficiently broad to be an indemnity against any expenses in connection with the transactions which were caused by the plaintiff. The extent of the agreement would seem to depend on a construction of the intent of the parties. Therefore, it cannot be held as a matter of law that the defendant’s interpretation is wrong. If the defendant’s interpretation is correct and the indemnity is against any expenses, it seems that by the agreement of the parties the attorney’s fees are recoverable. This is not inconsistent with the usual rule that “ this Court will not allow counsel fees since such damages are allowed only by special statutory authorization ’ ’ (Grace Harbor Corp. v. Grace Harbor Assn., 130 N. Y. S. 2d 592; also Avalon Constr. Corp. v. Kirch Holding Co., 256 N. Y. 137, 145); but if the parties contract for indemnity against “ expenses ”, and attorney’s fees are within the contemplation of such a word, this matter is outside the ordinary rule. Therefore, the counterclaim is sufficient and the motion to strike it is denied.
The claim made that under rule 103 of the Rules of Civil Practice the allegations are irrelevant is not sustained by the documents. As to impertinency, paragraph 6 does contain allegations of the plaintiff’s fraud, but they are relevant to the defense and counterclaim; and in light of the further allegations of fraud in the third defense and counterclaim, which are not attacked, they give rise to no prejudice. Furthermore, this type of motion is addressed to the discretion of the court and motions *909 under rule 103 are not favored (Carmody, New York Practice [7th ed.], p. 319). The motion on this ground is therefore also denied.
II.
As to the second separate and distinct affirmative defense, setoff and counterclaim, the motion is granted. If the defendant proves her allegations, the plaintiff cannot recover and the defendant will have sustained no damages as a basis for a counterclaim. If the indemnity agreement he proved as part of the transaction alleged by the defendant, again the plaintiff cannot recover on the theory of a loan. If the plaintiff proves the loan, the transaction as alleged by the defendant is disproved and thus is an insufficient counterclaim. This situation differs from the first counterclaim; and if the defendant’s facts are proved he may not only avoid liability but will have incurred an expense for which he is entitled to indemnity.
The defendant urges that the defense will bar the plaintiff’s claim. If so, there will be no damages to substantiate the counterclaim. Furthermore, pursuant to rule 103, this alleged counterclaim should be stricken as unnecessary.
Therefore, the motion for an order dismissing or striking out the first separate and distinct affirmative defense and counterclaim is denied; and
The motion for an order dismissing or striking out the second separate and distinct affirmative defense, setoff and counterclaim is granted; and the second affirmative defense, setoff and counterclaim is stricken in its entirety.
Order signed.