■ CHARLES H. KOOS et al., on Behalf of Themselves and in Their Own Right and in Behalf and for the Benefit of All Other Stockholders of American-Hawaiian Steamship Company, Respondents, v. D. K. LUDWIG et al., Defendants, and AMERICAN-HAWAIIAN STEAMSHIP COMPANY, Appellant.— Order, entered November 20, 1962, so far as appealed from, unanimously modified, on the law, to dismiss the second cause of action, and otherwise affirmed, with $30 costs and disbursements to defendant-appellant. The alleged fraud of the defendant and the alleged violations of the Investment Advisers Act of 1940 (U. S, Code, tit. 15, § 80a–1 *et seq.*) do not establish the basis for the maintenance by plaintiffs of a representative or class action on behalf of all other stockholders who may have sold their shares to the defendant company pursuant to its invitation for tender of shares. (See CPLR 1005; *Brenner* v. *Title Guar. & Trust Co.*, 276 N. Y. 230; *Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282; cf. *Onofrio* v. *Playboy Club of N. Y.*, 20 A D 2d 3.) Furthermore, it does not appear from the allegations of the complaint that the plaintiffs individually and others who have tendered and sold their shares have a cause of action for violation of said act independent of an alleged cause of action in fraud. Because, however, violations of the act, if any, may have a relevancy to plaintiffs' first cause of action, pleaded individually and grounded in fraud, we affirm that part of the

order appealed from which denied in part defendant's motion addressed to the allegations in such cause of action referring to certain sections of the act. The defendant did not move to dismiss said first cause, in its entirety, as pleaded, and nearly two years have elapsed since the entry of the order appealed from. In the meantime, the cause of action has been amended in certain respects, and the effect of this appeal now is merely to single out and attack certain allegations therein. The CPLR contains no provision for attacking and striking out particular allegations of a single cause of action, unless they are scandalous or prejudicial (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 3024.10). The defendant should not be allowed to do indirectly what it may not do directly. Further delay at the pleading stage should be avoided, and defendant should answer and, if the action has no merit, move for summary judgment. Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.