Carnival Company et al., Respondents-Appellants, v. Metro-Goldwyn-Mayer, Inc., Appellant-Respondent.

First Department, April 15, 1965.

*Bella L. Linden* of counsel (*David Blasband* with her on the brief; *Linden & Deutsch,* attorneys), for respondents-appellants.

*Edward N. Costikyan* of counsel (*Thomas R. Farrell, Jr.,* and *Edward F. Malone* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant-respondent.

STEVENS, J. Defendant appeals from so much of an order entered June 24, 1964, as denied its motion to dismiss the first, third and fourth causes of action in the complaint, and plaintiffs cross-appeal from so much of the same order as dismissed the second cause of action.

Defendant, after producing the motion picture "Lili", granted to plaintiff Merrick a right to produce a play based on the motion picture, with an option to defendant Metro-Goldwyn-Mayer (MGM) to purchase the motion-picture rights to such play upon specified terms and conditions. The play, entitled "Carnival", was produced and enjoyed a successful run on Broadway. By virtue of certain events which transpired a dispute arose as to whether the option had been exercised. Plaintiffs brought suit against MGM in a complaint containing four causes of action. Defendant moved, before joinder of issue, to dismiss each cause of action pursuant to CPLR 3211

(subd. [a], pars. 7 and 10). Under subdivision (c) upon the hearing of the motion either party may now submit any evidence "that could properly be considered on a motion for summary judgment" (CPLR 3211, subd. [c]). On a motion of this kind certain principles should be borne in mind. Pleadings are still to be liberally construed (CPLR 3026), the material allegations of fact in the complaint will be accepted as true for the purposes of the motion, together with reasonable inferences to be drawn therefrom. Liberality, however, will not be used as a substitute for substance (*Didier* v. *Macfadden Pub.*, 299 N. Y. 49, 53). If upon any aspect of the facts stated in the various causes, plaintiffs would be entitled to recovery, the motion should be denied as to that cause (*Howard Stores Corp.* v. *Pope*, 1 N Y 2d 110). We look now at the complaint. The first cause is for breach of contract, alleging the option was exercised, a payment made, and plaintiffs seek to recover a claimed balance due under the contract. The second cause is in fraud claiming defendant fraudulently represented to plaintiffs and to the public that it had exercised its option, with the intent to deceive plaintiffs, thereby inducing plaintiffs to refrain from disposing of the rights to "Carnival." Actually, the second cause adds little, if anything, to the first cause for breach of contract. As Special Term observed "the allegations of deception and reliance are legally unsound and illusory." This cause of action was properly dismissed.

The third cause of action charges reckless and malicious representations to plaintiffs and to the public that defendant had exercised its option to purchase, inducing the public to believe plaintiffs were no longer vested with the rights to "Carnival", thereby causing the public to refrain from purchasing such rights. Plaintiffs assert this cause is for slander of title, intentional interference with plaintiffs' property, and fraud. No special damages are alleged nor is the actionable language pleaded *in hæc verba*. Though it is not essential that the actual language be pleaded (*Walters* v. *Clairemont Sterilized Egg Co.*, 242 N. Y. 521; but, see, *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1), it must appear that the communication casting doubt on the validity of plaintiffs' title was false in fact and reasonably calculated to cause harm. Special damages must be pleaded and later proved in the action to be the legal consequences of defendant's wrongdoing (*Kriger* v. *Industrial Rehabilitation Corp.*, 8 A D 2d 29, 34, affd. 7 N Y 2d 958; *Glaser* v. *Kaplan*, 5 A D 2d 829).

If we consider plaintiffs' claim as prima facie tort, special damages must also be pleaded (*Brandt* v. *Winchell*, 286 App.

Div. 249, affd. 3 N Y 2d 628). Additionally, " [t]he key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful." " Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort " (*Ruza* v. *Ruza*, 286 App. Div. 767, 769). Tested by the standards enumerated the third cause is insufficient, and even more so as an attempt to plead in fraud. Under the terms of the contract defendant had an option to purchase and it does not sufficiently appear from the pleadings that it acted beyond the scope of its legitimate interest by the publicity of which plaintiffs complain.

The fourth cause of action, termed infringement or violation of common-law copyright, is also insufficient. The book was delivered voluntarily in September, 1962, without any limitations or restrictions placed as to its use. No fraud is shown, nor any express misrepresentation claimed in connection with the obtaining of the book, nor that it represented an exercise of the option. It does not appear that the book was in fact used and its contents published for a screen play. Plaintiffs do not even claim the option was exercised until about December 15, 1962, and they do not show any unauthorized use or publication of the book.

The first cause of action for breach of contract is sufficient as pleaded. Issue has not yet been joined and the record does not persuade us of the absence of a triable issue of fact. To illustrate, there is at least an issue of fact as to the nature and purpose of the payment and its distribution pursuant to the December 15, 1962 document. Summary judgment will not be granted where clear, well-defined issues of fact are raised, nor whenever " there is doubt as to the existence of a triable issue or when the issue is arguable " (*Falk* v. *Goodman*, 7 N Y 2d 87, 91; *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395). In essence the same parties executed the basic agreement of January, 1959, and December 15, 1962. Certainly, together the parties to a contract may alter it (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 387). Even if, as defendant seems to imply, though we do not so hold, the authors might complain of Merrick's actions, that will not aid defendant. Defendant's contention that this action for damages cannot be maintained in the absence of two coauthors is without merit, particularly in light of the documents in the record (see, also, *Denker* v. *Twentieth Century-Fox Film Corp.*, 10 N Y 2d 339).

In the interests of justice, and because plaintiffs may be able to correct their pleading and supply some of the deficiencies noted, they should be afforded an opportunity to do so.

Accordingly, the order appealed from should be modified on the law to strike the third and fourth causes of action, without costs or disbursements to either party, and in the exercise of discretion plaintiffs granted leave to apply at Special Term for leave to replead such causes (CPLR 3025; 3211, subd. [e]). As so modified the order appealed from should be otherwise affirmed.

Valente, J. (dissenting in part). I concur in the majority opinion of Justice Stevens except as to the fourth cause of action. As to that cause, I would hold it sufficient to withstand defendant's motion to dismiss. The papers present an issue as to whether the unpublished dramatic book of " Carnival " was delivered to defendant without limitations or restrictions as to its use. Plaintiffs have averred that the book was delivered under representations by defendant it would not use it unless it exercised its option and made a motion-picture version of " Carnival ". If plaintiffs establish that defendant was to use the book only in the event defendant exercised its option, then if the defendant prevails in its claim that the option was not exercised, plaintiffs have a cause of action for common-law infringement of copyright by virtue of an authorized use of the book. I would, therefore, let the fourth cause of action stand.

Rabin, J. P., McNally and Witmer, JJ., concur with Stevens, J.; Valente, J., dissents in part in opinion.

Order, entered on June 24, 1964, so far as appealed from, modified, on the law, to strike the third and fourth causes of action, and, in the exercise of discretion, plaintiffs are granted leave to apply at Special Term for leave to replead such causes (CPLR 3025; 3211, subd. [e]), and, as so modified, affirmed, without costs and without disbursements to either party.