■ Melvin A. Schachter, Respondent, v. Massachusetts Protective Association Incorporated, Appellant.— In an action to recover total disability benefits under the accident provisions of certain insurance policies, the appeal is from an order of the Supreme Court, Rockland County, entered August 10, 1967, which denied defendant's motion (a) to strike certain allegations contained in plaintiff's last amended complaint as unnecessary and prejudicial and (b) to strike certain other allegations therein or, in the alternative, to direct plaintiff to reallege them more definitely and to serve a further amended complaint. Order reversed, on the law and the facts, without costs, and motion to strike the designated paragraphs of the last amended complaint granted; in accordance, paragraphs " Eleventh ", " Thirteenth ", " Sixteenth ", "Eighteenth", " Nineteenth ", " Twenty-First ", " Thirty-Eighth ", " Fortieth ", " Forty-First ", " Forty-Third ", " Forty-Fourth " and " Forty-Fifth " of the last amended complaint, verified April 13, 1967, are struck out. Leave is granted to plaintiff to serve, within 20 days after the entry of an order hereon, a further amended complaint, such as plaintiff may be advised, which will eliminate the allegations herein struck out and any references thereto and which will not be inconsistent with the memorandum herewith. In our opinion, plaintiff's amended complaint sets forth allegations which involve evidentiary matter and which, at this posture of the proceedings, are: (a) unnecessary for the complaint's sufficiency, (b) prejudicial and (c) irrelevant and incompetent predicates for any determination of the primary question whether plaintiff is totally disabled, within the meaning of the policies, for the period for which payments are claimed; and show little potentiality for relevancy, competency or admissibility at the trial. They are accordingly prejudicial and unnecessarily inserted within the prohibitive purview of CPLR 3024 (subd. [b]). It is our view that, on balance, it would be more in keeping with sound discretion and the interests of justice to preserve defendant's right to a fair trial by not permitting plaintiff to invoke the liberal rule with respect to pleadings and allege the aforesaid prejudicial unnecessary matter under the guise of relevancy, which we do not find at this posture of the proceedings. We make no determination as to the relevancy or irrelevancy of such evidentiary matter at the trial, predicated on what may be adduced thereat. Nor is it intended, by striking these allegations, that, if said evidentiary matter should become relevant at the trial, they cannot be proved without being specifically averred in the amended complaint. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.