■ TRANS-STATE HAY & FEED CORP., Respondent, v. FABERGE, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on October 6, 1971, denying defendant's motion to dismiss the second and third causes of action, unanimously reversed, on the law, the motion granted, and the second and third causes of action dismissed and severed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The allegations contained in the second cause of action failed to establish a claim independent of the first cause of action sounding in breach of contract. Plaintiff was damaged, if at all, solely by defendants' failure to deliver the subject merchandise. There is no allegation in the second cause of action indicating that plaintiff was injured as a result of the claimed actions constituting the fraud or interference with the third-party contract, and accordingly, the cause of action is insufficient as a matter of law (cf. *Latzko* v. *Spector,* 28 A D 2d 1111, affd. 22 N Y 2d 710). In effect, the allegations in the second cause of action merely establish the possible motivation for the breach of contract. Such, however, is irrelevant on the issue of damages; since recovery herein is limited to the actual damages suffered. (See 13 N. Y. Jur., Damages § 44.) Plaintiff, of course, may possibly recover under the first cause of action, if properly proven, and shown to be within the contemplation of the parties, the consequential damages incurred by the loss of any benefits in connection with the third-party contract. Since all that is validly pleaded is a claim for breach of contract, involving private rights, the third cause of action seeking punitive damages should also be dismissed. (*Van Valkenburgh, Nooger & Neville* v. *Hayden Pub. Co.,* 33 A D 2d 766, affd. 30 N Y 2d 34.) Concur — Stevens, P. J., Markewich, Nunez, Lane and Tilzer, JJ.

■ THELMA KEITLEN, Respondent, v. HOSPITAL OF THE ALBERT EINSTEIN COLLEGE OF MEDICINE, Appellant.— Judgment, Supreme Court, New York County, entered October 27, 1972, unanimously reversed, on the law and on the facts, and a new trial granted solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent within 20 days of service upon her by the defendant-appellant of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $125,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. In our opinion the amount awarded by the jury was excessive and a verdict in excess of the amount indicated is not warranted on this record. Concur — Markewich, J. P., Nunez, Lane, Steuer and Capozzoli, JJ.