GERARD J. WEGMAN, Appellant, v DAIRYLEA COOPERATIVE, INC., et al., Respondents.

Fourth Department, December 12, 1975

*Carroll & Carroll (John B. Carroll* of counsel), for appellant.

*Bond, Schoeneck & King (John M. Freyer* of counsel), for Dairylea Coop. and others, respondents.

*Nottingham, Paltz, Coughlin, Cerio, Conhan & Engel (Richard L. Engel* of counsel), for Walter C. Woods, respondent.

*William Rosbrook* for Tom T. Thompson, respondent.

*Ali & Gerber* for Harry Carter, Jr., respondent.

*Melvin & Melvin (Henry J. Weinblatt* of counsel), for Henry J. Weinblatt, respondent.

*James P. Lawler* for Donald Race, respondent.

MOULE, J. P. The questions presented on this appeal concern the legal sufficiency of plaintiff's amended complaint, specifically with respect to six of his seven causes of action as well as the validity of an order directing plaintiff to strike certain allegations in his first cause of action as scandalous and prejudicial.

Since this appeal is from a motion to test the legal sufficiency of the complaint, all of the allegations contained in that complaint are deemed to be true. The question is not whether a cause of action can be proved but whether one has been stated and, in determining that question, the complaint should be interpreted in a fair and reasonable manner *(Williams v Williams,* 23 NY2d 592; *Dulberg v Mock,* 1 NY2d 54).

Plaintiff alleges in his complaint against Dairylea Cooperative, Inc. (Dairylea) and 11 of its present and former directors and employees that he was employed by Dairylea from April, 1971 until March 21, 1973 and that throughout that time Dairylea was engaged in the illegal standardization of milk products. He further alleges that he was pressured by various officers and directors to assist in this process. Due to his repeated refusal to authorize and participate in the illegal standardization, plaintiff claims that on March 21, 1973 his employment was prematurely terminated.

This action was commenced on April 29, 1974 by service of a summons and complaint. Three causes of action were set forth. Defendants moved for dismissal on the ground that the complaint failed to state a cause of action. On June 12, 1974, pursuant to an order of the Onondaga County Supreme Court, plaintiff served an amended complaint. This complaint set forth seven causes of action. The first four causes of action contained in plaintiff's amended complaint were directed against Dairylea and claimed breach of contract, retaliatory discharge, fraudulent hiring and exemplary damages. The remaining three were directed against the individual defendants and were for wrongful conspiratorial interference with plaintiff's employment, prima facie tort and exemplary damages.

Dairylea and all the individual defendants then moved to strike certain scandalous and prejudicial matters and also moved for dismissal of plaintiff's second through seventh causes of action under CPLR 3211 (subd 7). Certain individual

defendants, who were nonresidents, also contested the validity of the court's long-arm jurisdiction. On February 4, 1975 an order was entered pursuant to a decision of Supreme Court, Onondaga County, striking various portions of the amended complaint as scandalous and prejudicial and dismissing plaintiff's second, third and fourth causes of action against Dairylea as well as plaintiff's fifth, sixth and seventh causes of action against the individual defendants. Since the order dismissed all of the causes of action against the nonresident defendants, no decision was made as to the validity of the long-arm jurisdiction.

CPLR 3024 (subd [b]) provides that "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." Although the statute uses the word "unnecessarily," it is generally held that the test under this section is whether the allegation is relevant, in an evidentiary sense, to the controversy and, therefore, admissible at trial (see Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3024:4, p 407). The allegations in question here, relating to Dairylea's apparent violation of numerous statutes and regulations prohibiting the adulteration of milk, are contained in plaintiff's breach of contract cause of action against Dairylea. In order to sustain this cause of action at the pleading stage and to present a prima facie case at trial, plaintiff need not allege or prove the reason for his discharge. Plaintiff's burden extends only to proving the existence of an employment contract for a specified term, discharge before expiration of that term and resulting damages *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682). It is then incumbent upon defendant to prove justification for the discharge. Although it is conceivable that the issue of milk adulteration will come forth in the ensuing trial, to insert that issue in the pleading stage is not necessary for the sufficiency of plaintiff's cause of action and it may instill undue prejudice in the jury.

As Special Term correctly pointed out, a decision to strike these allegations does not preclude plaintiff from raising that issue at the trial stage if it becomes relevant as a defense to a claim of justifiable discharge *(Schachter v Massachusetts Protective Assn.,* 30 AD2d 540). Thus, there is no prejudice to plaintiff as a result of the order, whereas if these allegations were not stricken prejudice may result to defendant. Since a motion to strike under CPLR 3024 (subd [b]) is properly addressed to the discretion of the court, it cannot be said that,

under the facts of this case, the court abused that discretion (*Mark v Prentice,* 19 Misc 2d 907; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3024.13).

The second cause of action asserted by plaintiff in his complaint was for retaliatory discharge against the corporate defendant. Since this tort action is not presently recognized in New York, its applicability here raises an issue of first impression for this court.

Case law in New York has consistently held that an employee who was wrongfully discharged has but two remedies against his employer: "(1) he may treat the contract of hiring as continuing, though broken by the master, and may recover damages for the breach" or "(2) he may rescind the contract, in which case he may sue on a quantum meruit for services actually rendered" (36 NY Jur, Master and Servant, § 54). A breach of contract does not give rise to a tort action (*Stella Flour & Feed Corp. v National City Bank of N. Y.,* 285 App Div 182, affd 308 NY 1023), in the absence of special additional allegations of wrongdoing (*North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179-180; *Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172). In order for plaintiff to justify this cause of action under existing case law, there must be a breach of duty separate and distinct from the breach of contract (*Potter v New York, Ontario & Western Ry. Co.,* 233 App Div 578, affd 261 NY 489). Plaintiff in this case, however, does not allege such a breach of duty.

Plaintiff's attempt to state a tort cause of action is without merit. The only case cited in support of its applicability concerns the termination of an employee at will (*Frampton v Central Indiana Gas Co.,* 260 Ind 249). Tort protection was necessary in that situation since the employee was subject to discharge without cause. The same does not hold true for the plaintiff here. By incorporating the first nine paragraphs of his previous cause of action, he reasserts in his tort claim the existence of a contract of employment and a breach thereof. Thus plaintiff was not subject to discharge in the absence of just cause. Since plaintiff's rights are fully protected by his action on the contract and since the tort of retaliatory discharge, as set forth in *Frampton,* is inapplicable to the fact situation here, the court was justified in dismissing this cause of action.

Plaintiff's third cause of action against the corporate defendant alleged fraud or deceit in inducement of the employment

contract. In dismissing it the trial court reasoned that "[t]he alleged false representations are the essential terms of the employment contract, [and] thus failure by Dairylea to honor these terms gives rise to an action for breach of contract, not one in tort." The representations in question concern the term of plaintiff's employment, his salary, Dairylea's compliance with statutes, rules and regulations governing the manufacture and processing of milk, and the over-all conduct of Dairylea's business affairs.

Although New York recognizes a cause of action for fraud or deceit in inducing a contract, this cause of action cannot be based solely upon a mere failure to perform promises of future acts. A failure so to perform is merely a breach of contract, which must be enforced by an action on that contract *(Adams v Gillig,* 199 NY 314). In the recent case of *Miller v Volk & Huxley* (44 AD2d 810) a situation similar to the one at bar was presented. There plaintiff sued for breach of contract and for false and fraudulent representations made during the negotiation of that contract. In affirming the dismissal of the second cause of action the First Department stated that "[i]t is recognized that a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract (see 24 N. Y. Jur., Fraud and Deceit, § 51 and cases cited threat)." In the instant case plaintiff's allegations of fraudulent misrepresentation relate only to the specific terms of the employment contract and, therefore, plaintiff's theory of recovery is necessarily limited to a suit for breach of contract. Thus the trial court properly dismissed this cause of action.

As his fourth cause of action against Dairylea, plaintiff claimed punitive or exemplary damages. It is well settled that punitive damages are not available in New York for breach of contract *(Trans-State Hay & Feed Corp. v Faberge Inc.,* 42 AD2d 535). Discussion of this point, however, is obviated by affirmance of the dismissal of plaintiff's second and third causes of action. Since plaintiff could only have recovered such damages if he were successful on his retaliatory discharge or his fraudulent hiring claim and since these claims were properly dismissed, plaintiff's arguments in favor of reversing the dismissal of his punitive damages cause of action are mooted.

The remaining three causes of action in plaintiff's amended complaint are asserted against the individual defendants in this case. The first of these alleges wrongful interference with

and impairment of plaintiff's employment in that the individual defendants directed plaintiff to perform illegal acts in violation of certain statutes and regulations and subsequently caused him to be discharged for his refusal to perform these acts. Under the rule of CPLR 3026, that pleadings shall be liberally construed, there are three possible causes of action contained in these allegations. Only if plaintiff has correctly asserted any one of them, should the dismissal of this cause of action be reversed.

The first possible construction of the pleading in question is that it sets forth a cause of action for prima facie tort. Prima facie tort is defined as the infliction of intentional harm, resulting in damages, without excuse or justification, by an act or series of acts which would otherwise be lawful *(Carnival Co. v Metro-Goldwyn-Mayer,* 23 AD2d 75; 59 NY Jur, Torts, § 23). If this theory was intended by plaintiff, then the pleading must be dismissed because: (1) plaintiff failed to allege special damages which are a necessary element of a prima facie tort cause of action *(Carnival Co. v Metro-Goldwyn-Mayer, supra);* and (2) plaintiff failed to allege a specific intent to harm *(Benton v Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 AD2d 27). Plaintiff's allegation that defendants were motivated solely by personal gain is inconsistent with the "intent to harm" requirement of a prima facie tort.

The second possible construction of this pleading is that it attempts to set forth a cause of action for civil conspiracy. A civil conspiracy is a concern or combination to defraud or cause injury to persons or property which results in damage to the person or the property of the plaintiff *(Conner v Bryce,* 170 NYS 94). Here also, however, as in the prima facie tort area, plaintiff must allege that the conspiratorial acts were coupled with a specific intent to cause injury. Since plaintiff only alleges personal gain as the motivation for discharge, this cause of action, if premised upon the theory of civil conspiracy, must be dismissed.

The last possible construction is that plaintiff sought to allege the traditional tort of interference with a contractual relationship. This tort has four elements: (1) the existence of a valid contract; (2) defendants' knowledge of that contract; (3) defendants' intentional procuring of the breach of that contract; and (4) damages *(Israel v Wood Dolson Co.,* 1 NY2d 116). Thus, there can be no cause of action on this theory if there is no contract in existence at the time of the wrongful interfer-

ence *(Simon v Noma Elec. Corp.,* 293 NY 171). In setting forth this pleading, plaintiff did not incorporate the first nine paragraphs of his amended complaint (which alleged employment under a contract) and, therefore, for this cause of action, plaintiff necessarily alleges that he was employed "at will." Since plaintiff does not allege a contract for a specific term and since he fails to allege an exclusive malicious motivation, the pleading does not state a valid cause of action for interference *(Reale v International Business Mach. Corp.,* 34 AD2d 936).

Thus, even under the most liberal construction of this pleading, plaintiff fails to state a valid cause of action and the trial court properly dismissed it.

Plaintiff's sixth cause of action, and the second asserted against the individual defendants, was for prima facie tort. As previously noted, however, material elements of this cause of action include a singular intent to harm and the existence of special damages *(Carnival Co. v Metro-Goldwyn-Mayer,* 23 AD2d 75, *supra).* Since plaintiff failed to set forth these elements in his pleading, the dismissal of this cause of action must be affirmed.

The last cause of action in plaintiff's amended complaint was for punitive damages against the individual defendants. Since we hold that Special Term properly dismissed plaintiff's other two causes of action against these defendants, this one must necessarily be dismissed.

Accordingly, the order should be affirmed with leave to plaintiff to serve an amended complaint within 20 days of the service of the order herein.

CARDAMONE, SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Order unanimously affirmed, without costs.