OPINION OF THE COURT
Richard F. Braun, J.
This is an action demanding that plaintiff be adjudged the party entitled to immediate possession of the single-room occupancy apartment in which defendant resides, that plaintiff *740 be given possession of the apartment, and that damages for use and occupation be awarded to plaintiff. In his verified answer and counterclaims (Answer), Defendant counterclaims against plaintiff and two individuals, Robert Sigmund and Thomas Iveli, to recover damages for illegal lockout, intentional infliction of emotional distress, breach of the covenant of quiet enjoyment, and breach of warranty of habitability. Defendant has commenced a third-party action against plaintiff and the two individuals based on the counterclaims. A separate index number was assigned to the third-party action.
Plaintiff and defendants on the counterclaims move to strike scandalous or prejudicial matter from the Answer, and to dismiss the third-party summons. Defendant cross-moves to amend the caption and/or consolidate the two index numbers and/or actions. Defendant now concedes that he should not have brought his third-party action against plaintiff and asks for permission to discontinue the third-party action as to plaintiff. He has not voluntarily discontinued, pursuant to CPLR 3217 (a), nor has he moved for an order of discontinuance, pursuant to CPLR 3217 (b).
The individual defendants on the counterclaims are allegedly officers and the sole shareholders of plaintiff. Defendant accuses plaintiff and the two individual counterclaim defendants of numerous illegal actions, including changing the locks to defendant’s residence to bar him from his home, unlawfully removing all of defendant’s personal belongings and failing to comply with the request of defendant to return them, throwing an unidentified chemical in defendant’s face, refusing to give defendant a key to his mailbox, removing the window to the room of defendant, and not providing basic janitorial services.
Defendant incorporates by reference in his Answer copies of various newspaper articles about defendants on the counterclaims, including a May 1, 1995 New York Post article that counterclaim defendants Robert Sigmund and Thomas Iveli were among the 10 worst landlords in New York City that year. None of the articles mention defendant or the alleged treatment of him and those that have dates are dated before defendant moved into his room. Defendant annexed copies of the articles to his Answer. The articles are part of the pleading (CPLR 3014).
Defendants are correct that the articles constitute scandalous or prejudicial material unnecessarily inserted in the Answer. Thus, the articles should be stricken from the pleading, pursuant to CPLR 3024 (b) (Wegman v Dairylea Coop., 50 *741 AD2d 108, 111 [4th Dept 1975]). However, the branch of the motion to strike certain unspecified charges, accusations, and allegations from the Answer cannot be granted. The allegedly objectionable statements are not identified.
Plaintiff and the individual counterclaim defendants are right that defendant has not followed the proper procedure in bringing his third-party action. A defendant may bring a third-party action against any party that may be liable to the defendant for all or part of a claim of the plaintiff (CPLR 1007). Pursuant to CPLR 1007, the third-party action may be commenced after the service of the answer of the defendant by the filing of a third-party summons and complaint (no third-party complaint was apparently filed in this action).
Here, the counterclaims are just that: counterclaims. They are claims by defendant against plaintiff and others: the individual counterclaim defendants. They are not impleader claims by defendant for recovery in the event defendant is found to be liable to plaintiff. Thus, the proper course of action was to do what defendant did in his Answer, which was to assert the claims against plaintiff and the others alleged to be liable on the counterclaims (CPLR 3019 [a]). The proper way to assert the counterclaims against the individual defendants on the counterclaims would be to serve them with a summons and the Answer (CPLR 3019 [d]).
Thus, the third-party summons should be dismissed, but only as to plaintiff. Defendant can proceed on his counterclaims against plaintiff and against the individual defendants thereon, provided they were properly served with the Answer and the third-party summons. The fact that defendant has denominated the summons as a third-party summons is a mere irregularity which can be disregarded by this court, pursuant to CPLR 2001.
The present caption calls plaintiff and the individual defendants on the counterclaims the “Counterclaim-defendants”. However, defendant cross-moves to change the caption to call himself third-party plaintiff and to describe the individuals on the counterclaim as third-party defendants. That is wrong. The Answer and third-party summons correctly denominate the defendants on the counterclaims. The balance of the cross motion seeking consolidation is unopposed and should be granted, so that there will properly be only one action before this court.