OPINION OF THE COURT
Paul I. Marx, J.
It is ordered that the motions[1] of defendants Sai Varanasi, M.D., Hudson Valley Medical Group, PLLC and The Westchester Medical Practice, EC.[2] to strike the alleged scandalous, prejudicial and unnecessary portions of the complaint and to dismiss the 27th cause of action which seeks damages for loss of consortium brought by the decedent’s adult children are denied in their entirety, for the reasons which follow.
Background
Plaintiffs Helen Cassissi and Theresa Bowers, executrixes of the estate of Linda Bowers, instituted this medical malpractice action by filing a summons and complaint on July 17, 2013 against the 25 defendants allegedly involved in the treatment and care rendered to decedent Linda Bowers. The complaint is 269 pages in length and consists of 1,287 numbered paragraphs, of which 650 paragraphs are preliminary statements leading up *555 to the specific allegations that comprise the 27 causes of action stated therein.
Defendants Sai Varanasi, M.D. and Hudson Valley Medical Group, PLLC filed their answer to the complaint on October 25, 2013. Defendant The Westchester Medical Practice, P.C. filed its answer on November 8, 2013.
Discussion
Amendment of Complaint Subsequent to Motions
Plaintiffs amended their complaint as of right, pursuant to CPLR 3025 (a), while the instant motions to strike portions of the complaint and to dismiss their 27th cause of action were pending. Plaintiffs’ amendment of the complaint during the pendency of these motions raises the issue of what effect the amended pleading has on the motions.
Generally, once an amended pleading has been served in an action, “it superseded] the original complaint and [becomes] the only complaint in the case.” (Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841, 841 [1st Dept 1975], citing Branower & Son, Inc. v Waldes, 173 App Div 676 [1916].) Thereafter, “the action . . . must proceed as though the original pleading had never been served.” (Id., citing Millard v Delaware, Lackawanna & W. R.R. Co., 204 App Div 80 [1923].)
“If, while a motion is pending under CPLR 3024, and before the return day, the objectionable pleading is amended as of course under CPLR 3025 (a) and the amendment cures the defect, the motion should be deemed to abate.” (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3024:7 at 55.) Thus, a motion to strike objectionable matter under CPLR 3024 (b) should be deemed to abate where the complaint is amended to cure the defect during the pendency of the motion.
In this case, plaintiffs appear to have made clearly discernible amendments[3] only to the 27th cause of action, which is the subject of defendants’ motions to dismiss. With regard to the allegations that are the subject of defendants’ motions to strike, plaintiffs have again alleged all the same material that *556 comprised the first 1,282 paragraphs of their original complaint (¶¶ 1,283 through 1,289 are specific to the 27th cause of action). “The final decision on whether to press forward on the motion is in [defendants’] hands.” {Id. at 56.) Defendants have not withdrawn the motion and have instead submitted a reply which addresses the amended complaint, thereby indicating their choice to press ahead with their motions.
With regard to defendants’ CPLR 3211 motion to dismiss the 27th cause of action, that motion does not abate because it requires the court to determine not just whether the cause of action is properly pleaded, but whether plaintiffs in fact have such a cause of action. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:65 at 108; see also Taylor v Haddad Corp., 118 Misc 2d 253, 256 [Sup Ct, NY County 1983].) Again, the moving party has the option to decide whether to have their motion applied to the amended pleading. (Siegel at 108-109; see also Sage Realty Corp. v Proskauer Rose, 251 AD2d 35 [1st Dept 1998].) Defendants have addressed the allegations in plaintiffs’ amended complaint in their further briefing of the motion.
Accordingly, the court will consider the motions to strike and to dismiss relative to the amended complaint.
Motion to Strike
Movants, Sai Varanasi, M.D., Hudson Valley Medical Group, PLLC and The Westchester Medical Practice, PC., by separate motion, seek an order striking alleged scandalous, prejudicial and unnecessary portions of the complaint.[4] Defendants complain that plaintiffs’ complaint is “unduly detailed” and includes a “detailed recitation of treatment and extracts from the various medical charts,” all of which should be “deleted or reduced as duplicative, prejudicial, minutia, or improper and unnecessary extracts from the record.” (Affirmation of Roland T. Koke, Esq. ¶¶ 5-7.)
CPLR 3024 (b) provides that “[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading.” This section of the CPLR provides for the only motion by which objectionable statements may be stricken from a pleading. (Siegel, NY Prac § 230 at 380 [4th ed], citing Koos v *557 Ludwig, 22 AD2d 666 [1st Dept 1964].) “Mere repetitiveness is not a ground for a motion to strike.” (Id., citing Hewitt v Maass, 41 Misc 2d 894 [Sup Ct, Suffolk County 1964]; cf. Domestic Fin. Corp. v Milner, 59 Misc 2d 867, 868 [Sup Ct, Onondaga County 1969].) The inclusion of irrelevant matter in the complaint is also not a basis for a motion to strike. (Siegel, NY Prac, supra at 380, citing Matter of Emberger, 24 AD2d 864 [2d Dept 1965].) As Professor Siegel notes, prior to revision of the Rules of Civil Procedure (pre-1963), corrective motions were allowed on the basis of repetitive and irrelevant matter. That is no longer the case.
The moving party must show that the matter to be struck is scandalous or prejudicial. Even then, the party must also show that the matter is not relevant, as “an allegation of scandalousness by itself [does not] suffice.” (Id.) If the material included in the pleading is relevant to a cause of action, it will not be struck from the pleading even though it is scandalous or prejudicial. (New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan, 22 AD3d 391 [1st Dept 2005], citing Bristol Harbour Assoc. v Home Ins. Co., 244 AD2d 885 [4th Dept 1997]). In determining relevancy, courts should be guided by whether the matter “would be admissible in evidence at the trial.” (Siegel, NY Prac, supra at 380; cf. Schachter v Massachusetts Protective Assn., 30 AD2d 540 [2d Dept 1968] [striking prejudicial evidentiary matter from the complaint, which did not appear at that point in the proceedings to be relevant to the plaintiffs claim for disability benefits under a policy of insurance. The court noted that if such evidentiary matter became relevant at the trial, the plaintiff could still prove it although it had not been specifically alleged in the complaint].)
Although defendants invoke CPLR 3024 (b), they do not identify any material in plaintiffs’ complaint that is either scandalous or prejudicial. This, alone, is fatal to their motion. (Baychester Shopping Ctr. v Llorente, 175 Misc 2d 739, 741 [Sup Ct, NY County 1997] [“the branch of the motion to strike certain unspecified charges, accusations, and allegations from the Answer cannot be granted. The allegedly objectionable statements are not identified”].) Nor do they contend that any of the matter is not relevant to plaintiffs’ causes of action. Defendants’ contentions center on the extent to which plaintiffs repeat, reword and needlessly dissect the elements and factual allegations underlying their medical malpractice claims and incorporate evidentiary matter. While this is certainly a case where the *558 oft repeated phrase “less is more”[5] finds ready application, prolixity alone is simply not a basis for striking material from a pleading.
Defendants take the few reported cases in this area somewhat out of context to support their contention. Admittedly, owing to the absence of specific facts, little can be discerned from most of the reported decisions, beyond the courts’ statements that the allegations were prejudicial to the defendants in those cases. (See e.g. New York City Health & Hosps. Corp.; JC Mfg. v NPI Elec., 178 AD2d 505 [2d Dept 1991]; or Schachter.) However, the appellate decisions do not support finding that prolixity and verbosity, without more, warrant striking allegations from a complaint. This is made clear in Wegman v Dairylea Coop. (50 AD2d 108 [4th Dept 1975]), which describes the scandalous and prejudicial allegations and details the manner in which they were irrelevant to the plaintiffs claim.
The only case defendants cite which unequivocally supports their contention is Domestic Finance Corp. (59 Misc 2d at 868.)[6] The court in that case held that
“[i]n view of the prolix an [sic] inordinate length of the complaint in this matter, which substantially defeats the general purpose of CPLR 107, a preclusion order as against the entire complaint will be granted, without prejudice to the plaintiff to commence a new action on this note in the approved form.”
The action involved one of the form pleadings developed for use when suing on a promissory note. This court declines to follow that holding.
As Professor Siegel noted in his treatise, the rule that provided for striking repetitive and irrelevant matter from a pleading has long been removed from the CPLR. (Siegel, NY *559 Prac, supra at 380 n 5 [referencing “Rule 103 of the old (pre 1963) Rules of Civil Procedure”].) What remains is section 107 of the CPLR, regarding certain form pleadings, medical malpractice not being among them. The form pleadings “illustrate the simplicity and brevity of statement which the civil practice law and rules contemplate.” (CPLR 107.) One might add to that statement: in certain specified cases for which form pleadings have been created. Even if a broader application was contemplated, the aspirational statement contained in CPLR 107 does not rise to the level of a mandate. In the absence of specific allegations that are either scandalous or prejudicial and irrelevant to plaintiffs’ claims, the CPLR does not support striking any portion of plaintiffs’ pleading solely on the basis of verbosity.[7]
Accordingly, defendants’ motion to strike is denied.
Motion to Dismiss
Defendants move to dismiss plaintiffs’ 27th cause of action for loss of consortium brought by the decedent’s adult children, contending that “[t]here is no sustainable claim for loss of consortium by adult children” based upon their alleged loss of “ ‘companionship, guidance, services, love and/or assistance.’ ” (Affirmation of Roland T. Koke, Esq. ¶¶ 30-31, quoting complaint ¶ 1,286.) They rely primarily on the decision in Bumpurs v New York City Hous. Auth. (139 AD2d 438, 439 [1st Dept 1988]), which held nonpecuniary “loss of companionship, comfort and assistance . . . typical of a loss of consortium claim . . . are not recoverable in a wrongful death action” and that the type of pecuniary loss “awarded to minor children for the economically recognized and calculable losses of the household management services of a mother” are not incurred by adult children.
Plaintiffs oppose this branch of defendants’ motions, claiming that defendants have misstated the law in this area and the substance of the wrongful death cause of action. Plaintiffs rely on the decision of the Court of Appeals in Gonzalez v New York City Hous. Auth. (77 NY2d 663, 669 [1991]), which held that an “adult distributee [may] state a claim for pecuniary injuries based on the loss of a parent’s guidance.” The Court clarified the law in New York with regard to such claims, as follows:
*560 “New York since its first wrongful death statute has steadfastly restricted recovery to ‘pecuniary injuries,’ or injuries measurable by money, and denied recovery for grief, loss of society, affection, conjugal fellowship and consortium (Liff v Schildkrout, 49 NY2d [622,] 633-634 [1980]). Thus, the essence of the cause of action for wrongful death in this State is that the plaintiff’s reasonable expectancy of future assistance or support by the decedent was frustrated by the decedent’s death (Loetsch v New York City Omnibus Corp., 291 NY 308, 310-311 [1943]). Loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death, are injuries for which damages may be recovered (Parilis v Feinstein, 49 NY2d 984, 985 [1980]).” (Id. at 667-668.)
Plaintiffs amended their complaint as of right, pursuant to CPLR 3025 (a), to replead the 27th cause of action, and in doing so, have amended their allegations so that they are in line with Gonzalez. To the extent that plaintiffs’ prior allegations did not constitute a cognizable claim, they have cured any defect in their pleading by eliminating the following from their cause of action: “companionship,. . . services, love and/or assistance.” (Complaint ¶ 1,286.) Defendants concede that plaintiffs have a viable cause of action for pecuniary loss at this stage of the proceedings.
Accordingly, the branch of defendants’ motion seeking an order dismissing plaintiffs’ 27th cause of action is denied as moot.

. On July 25, 2014, the instant motions were reassigned from Hon. Lester B. Adler, J.S.C. to the undersigned for disposition. Upon receipt of the motion papers, the court recognized that relationships with some of the attorneys required disclosure in order to avoid the appearance of impropriety. Thus, the court scheduled and held a conference on August 20, 2014 at which the court disclosed to all parties a sometimes social relationship with counsel for plaintiffs and one of the attorneys for a defendant. All counsel were given the opportunity to object to this court’s handling of the matter and/or request recusal. None did.

. Defendant The Westchester Medical Practice, EC.’s motion is improperly designated as a “cross motion,” because it does not respond to a motion seeking relief as to it. A party can not cross-move against a nonmoving party. The motion is, in fact, a “me too” motion, which adopts the arguments of and seeks the identical relief to the motion brought by its codefendants.

. Defendants properly argue that plaintiffs should have flagged their specific amendments, particularly given the voluminous allegations in the complaint. The court has not undertaken a side by side comparison of the complaint and amended complaint, nor should it. However, even a cursory review of both pleadings shows that the allegations of the amended complaint are, for the most part, unchanged, with the exception that substantive changes have been made to the 27th cause of action.

. Although these defendants have filed answers to the complaint, service of an answer “does not necessarily waive the motion to strike objectionable matter. If the matter is scandalous and irrelevant, for example, it is just as much so before as after answering.” (Siegel, NY Prac § 230 at 381 [4th ed].)

. This nineteenth century proverbial phrase was first found in print in Andrea del Sarto, 1855, a poem by Robert Browning: “Well, less is more, Lucrezia: I am judged.” As used in the poem, its meaning is that greater artistry expressed in fewer pieces has more value than prolific works that are flawed. It is used today to express the same idea and also to signify that simplicity and brevity in communication is more effective than verbosity and needless complexity.

. Johnsen v Silich (2007 NY Slip Op 34055[U], *2 [Sup Ct, Richmond County 2007]) contains sweeping statements which are favorable to defendants’ position, however, it is clear from the decision that the complaint contained prejudicial matter, such as a newspaper “article of an unrelated similar case involving the doctor.” Thus, the case does not support defendants’ position.

. Ironically, defendants complain of the specificity of plaintiffs’ complaint. This court’s experience is that defendants in malpractice cases usually complain about the lack of specificity of the plaintiffs claims, proclaiming that they are not given adequate notice of the claims being made.