BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y. (2021 NY Slip Op 06829)





BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y.


2021 NY Slip Op 06829


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-07022

[*1]BCVAWCH-Doe, respondent, 
v
Roman Catholic Archdiocese of New York, appellant, et al., defendants. (Westchester County Index No. 69676/19)


Rivkin Radler, LLP, Uniondale, NY (Frank Raia and Cheryl F. Korman of counsel), for appellant.
Grant & Eisenhofer, P.A., New York, NY (Barbara J. Hart, Irene R. Lax, and Samantha L. Breitner of counsel), for respondent.
In an action, inter alia, to recover damages for negligent hiring and retention, the defendant Roman Catholic Archdiocese of New York appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated August 20, 2020. The order denied that defendant's motion pursuant to CPLR 3024(b) to strike paragraph 20 of the amended complaint on the ground that the allegations contained therein were irrelevant, scandalous, and prejudicial.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal on the ground that no appeal lies as of right from an order that refuses to strike scandalous or prejudicial matter from a pleading (see CPLR 5701[b][3]), and leave to appeal has not been granted. Cross motion by the defendant Roman Catholic Archdiocese of New York for leave to appeal from the order dated August 20, 2020. By decision and order on motion of this Court dated June 30, 2021, that branch of the plaintiff's motion which is to dismiss the appeal and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the plaintiff's motion which is to dismiss the appeal is denied; and it is further,
ORDERED that the cross motion of the defendant Roman Catholic Archdiocese of New York for leave to appeal from the order is granted; and it is further,
ORDERED that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Roman Catholic Archdiocese of New York pursuant to CPLR 3024(b) which was to strike from paragraph 20 of the amended complaint the allegation that the recipient of a letter dated July 26, 2014, was "another survivor of his molestation," and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff alleges that from 1959 through 1961, when he was 8 to 10 years old, he was sexually abused by the defendant Edwin Gaynor, who was a physical education teacher and sports coach at the defendant Church of St. Bernard in White Plains (hereinafter St. Bernard's). The action was commenced under the Child Victims Act (see CPLR 214-g) against the defendant Roman Catholic Archdiocese of New York (hereinafter the Archdiocese), St. Bernard's, and Gaynor, by a summons and complaint dated December 3, 2019, and an amended complaint dated March 6, 2020. The amended complaint alleges causes of action sounding in negligence, negligent training and supervision of employees, negligent retention of employees, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, and premises liability. The "wherefore" clause includes prayers for relief seeking both compensatory and punitive damages.
The amended complaint specifically alleges that the Archdiocese and St. Bernard's knew or should have known of Gaynor's abuse of boys and that despite such knowledge, those defendants failed to protect the children by denying the problem and by moving Gaynor from facility to facility, including St. Bernard's. As relevant to this appeal, paragraph 20 of the amended complaint alleges: "Upon information and belief, according to correspondence from Gaynor, dated July 26, 2014, to another survivor of his molestation, Gaynor 'coached basketball for 26 years and baseball, taught phys. ed., had a summer evening boys club 2 years, a day camp for 23 years, an overnight camp and a basketball camp for 8 years." Paragraph 20 of the amended complaint also includes a handwritten letter dated July 26, 2014, purportedly created and signed by Gaynor, which repeats much, but not all, of the information quoted in paragraph 20 of the amended complaint.
On March 9, 2020, the Archdiocese moved pursuant to CPLR 3024(b) to strike paragraph 20 of the amended complaint on the ground that it contained scandalous or prejudicial matter. The Archdiocese argued that the letter dated July 26, 2014, and the reference to the recipient of the letter as "another survivor of [Gaynor's] molestation," had no bearing upon the issues of liability raised in this action, and were instead irrelevant, scandalous, and prejudicial to it. The Archdiocese further argued that the scandalous or prejudicial matter was improperly intended by the plaintiff to inflame and unduly influence the jury to the detriment of the defendants. On March 10, 2020, St. Bernard's served and filed papers in support of the Archdiocese's motion.
The plaintiff opposed the motion. The plaintiff argued that all information contained in the amended complaint was proper and relevant to overarching issues of actual and constructive notice; Gaynor's intent, motive, identity, modus operandi, and lack of mistake; the Archdiocese's conduct of moving sexual offenders from institution to institution; and punitive damages. Moreover, the plaintiff asserted that evidence of any facts alleged in the pleading that have any bearing upon the subject matter cannot be stricken as a matter of law.
By order dated August 20, 2020, the Supreme Court denied the Archdiocese's motion, finding that the purported prejudicial information contained in paragraph 20 of the amended complaint was nevertheless relevant to the plaintiff's claims of abuse, the defendants' knowledge of it, and as admissions or declarations against interest by Gaynor himself. The Archdiocese appeals.
For reasons discussed in the opinion and order rendered in the related appeal in Pisula v Roman Catholic Archdiocese of New York (_____ AD3d _____ [decided herewith]), we deny that branch of the plaintiff's motion which is to dismiss the appeal from the order dated August 20, 2020, and grant the Archdiocese's cross motion for leave to appeal. Further, for reasons also set forth in the same opinion and order, we modify the order dated August 20, 2020, so as to grant that branch of the Archdiocese's motion which was pursuant to CPLR 3024(b) to strike from paragraph 20 of the amended complaint the allegation that the recipient of the letter dated July 26, 2014, was "another survivor of his molestation."
Nothing in this decision is intended to influence any rulings that may need to be made by the Supreme Court about pretrial discovery or the admissibility of any evidence at trial. Indeed, should the court consider permitting subsequent bad acts attributable to Gaynor into evidence at the trial of this action as may be relevant to the issues of intent, motive, identity, modus operandi, or lack of mistake, or admissions regarding any such subsequent events, the court may render whatever [*2]evidentiary ruling it deems appropriate under the facts of the case and the applicable rules of evidence (see Wegman v Dairylea Coop., 50 AD2d 108, 111; Schachter v Massachusetts Protective Assn., 30 AD2d 540, 540).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court